Swartz v. Chappell.

SWARTZ et al., Respondents, vs. CHAPPELL, Appellant.

1. A bill of sale stated that A. "sold and passed" to B. a quantity of hemp. *Held*, the title passed, notwithstanding the bill of sale provided that A. was to perform certain labor to prepare the hemp for market.
2. Where the inferior court gives erroneous instructions, the supreme court will not review the evidence, in order to determine whether the judgment is *not* for the right party upon all the facts.

*Appeal from Saline Circuit Court.*

*Napton*, for appellant. The Circuit Court erred in instructing the jury that no title to the hemp passed by the bill of sale.

*A. Leonard*, for respondents. 1. The agreement passed no title to the hemp. By the terms of the agreement, acts were to be done, in order to complete the sale and pass the property. 2. There was no delivery of the hemp, and as against an attaching creditor, delivery is essential to pass the property. *Lanfear* v. *Sumner*, 17 Mass. 112. *Parsons* v. *Dickerson*, 11 Pick. 353. 3. Even if the court erred as to this point, the error has not prejudiced the defendant, and so is no ground for reversing the judgment. The evidence shows the bill of sale to be a palpable fraud, and the jury have so found. If it was fraudulent in part, it was fraudulent *in toto*. The

hemp and oxen being embarked in the same bottom, must share the same fate.

GAMBLE, Judge, delivered the opinion of the court.

Swartz & Swartz sued Geagen & Geagen, and caused an attachment to issue, which was levied upon a quantity of unbroken hemp, and upon two yoke of oxen. Chappell interpleaded, claiming the property attached as his.

On a trial of this claim of property, Chappell gave in evidence a document under seal, executed by the defendants, Geagens, in which it was declared that, in consideration of a quantity of four tons of hemp, sold and passed by them to Chappell, and for the consideration of two yoke of oxen sold, passed and delivered by them to Chappell, he engaged to take them to California, supply them with provisions by the way, and furnish them with provisions for three months after their arrival there. The Geagens contracted to complete the breaking of the hemp, and to have it well broken, baled and ready for market by the first of April then next.

The plaintiffs gave evidence to show that this agreement between Chappell and the Geagens, was made in fraud of their creditors.

The court gave to the jury two instructions, the first relating to the hemp, and the second to the oxen. The first is in these words :

" The court instructs the jury, that the interpleader, Chappell, acquired no title to the hemp described in the written contract read in evidence by the interpleader, by said contract, as against the plaintiff in this action."

The other instruction was a proper instruction, upon the question, whether the transfer to Chappell was intended to defraud the creditors of the Geagens.

1. The first instruction presents the point upon which the case has been argued in this court, and in support of the instruction, it has been insisted that the property in the hemp was

not passed to Chappell, because the Geagens were, by their contract, to perform certain labor on it, to prepare it for market. But it is evident that the title to it might pass, in the condition in which it then was, although they should be still bound by contract to perform labor on it; and the language of the bill of sale is such as to show that the title was intended to pass immediately upon the execution of the instrument. The words are, "sold and passed to the said Chappell, by the said Patrick and Thomas, at the signing and sealing of this agreement." In 1 Bac. Abr. 527, it is said, "a bill of sale is a solemn contract, under seal, whereby a man passeth the right or interest that he hath in goods and chattels; for, if a man promise to give any chattels without valuable consideration, or without delivering possession, this alters no property, because it is *nudum pactum;* but if a man sell goods by deed under seal duly executed, this alters the property between the parties, though there be no consideration, or no delivery of possession, because a man is estopped to deny his own deed." Between the parties, the instrument, under their seals, would pass the title, if such was the intent, and here the language indicates their intent that it shall pass immediately. The subsequent agreement of the Geagens, to complete the preparation of the hemp for market, is not inconsistent with the present ownership of Chappell. If, between the parties, the title passed, the plaintiffs, who are creditors of the Geagens, can only reach the property, by showing that, as to them, the sale is fraudulent. They satisfied the jury of that fact as to the oxen, and might have done so as to the hemp, by the same evidence, if the instruction had not taken from the jury all consideration of the interpleader's right to the hemp.

There is no section of the statute in relation to fraudulent conveyances, which appears to authorize this instruction, and no such ground has been taken in the argument of the case.

2. It has been insisted that, as the jury found against the interpleader in relation to the oxen, and as the controversy about them involved the question, whether the conveyance was

fraudulent, the same would have been the finding in relation to the hemp, if that question had been left to them, as the hemp and oxen formed together but one consideration, for one side of the contract, and therefore the judgment ought not to be disturbed.

But this position would require this court, in all cases where an error was committed on one question in the Circuit Court, to look into the whole evidence, and determine whether, notwithstanding such error, the judgment ought to stand, because it is consistent with our views of the right of the cause, as appearing from the whole evidence. In other words, this court would try the case upon the facts, to determine whether an error in law should be corrected. In this case, the issue was, whether the property seized was subject to the attachment. If a distinct issue had been made upon the record, whether the bill of sale was fraudulent as to one of the subjects conveyed, and that issue had been found for the plaintiff, there would have been force in the position that, as the verdict of the jury determined the question of fraud, by directly responding to the issue, we would assume that to be a fact upon which the whole instrument might be declared void. But we cannot look into the evidence to ascertain the questions of fact litigated between the parties, and the strength of the evidence given on each side, in order to determine whether we will correct an error committed by the court.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.