Jones' Adm'r v. Covington.

---

Jones' Administrator, Appellant, v. Covington, Respondent.

1. A. by instrument of writing not under seal, executed in the year 1838, conveyed to B. a negro slave ; A. retained possession of the slave until his death in 1853 ; *held,* that B. had no title to the slave.
2. Under the law as it stood in 1838, (see R. C. 1835, p. 588,) in order to perfect a gift of a slave so as to divest the title of the giver even as against himself, there must have been either a change of the possession or a recorded instrument of the character designated in the statute. Per Leonard, J. (Scott, J., nonconcurring in this doctrine, holding that a deed of gift of a slave, under seal, will pass a title to such slave, notwithstanding the said statute. The common law respecting gifts was in force, notwithstanding the statute.)

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover a slave which had originally belonged to one John Howdeshell, who, on the 10th of Sep-

tember, 1838, made the following bill of sale : " Know all men by these presents, that I, John Howdeshell, of the state of Missouri and county of St. Louis, have this day bargained and sold unto Nathan Jones, of the state and county aforesaid, two black children, slaves, one called Jane, a girl, seven years old, the other called Lewis, a boy, four or five years old, for and in consideration of the services and parental affection existing towards Sarah Jones, wife of the aforesaid Nathan Jones, to have and to hold as their property and for their use forever. Given under my hand this 10th day of September, 1838. [Signed] John Howdeshell."

This suit was brought in April, 1853, by plaintiff, as administrator of Nathan Jones, against Covington, to recover the boy Lewis, who had been hired to defendant by the administrator of said Howdeshell. It was in evidence that at the time of the execution of this writing, it was delivered to one John Jones, in charge, for the benefit of Sarah Jones ; he to keep the same until the death of Howdeshell, and then to carry out his (Howdeshell's) intentions ; that Howdeshell died in 1853 ; that the said John Jones, on learning, in 1849, that Howdeshell had made his will, delivered the said instrument of writing to either Nathan Jones or his wife Sarah ; that Howdeshell retained possession of said slave, Lewis, until his death in 1853, there never having been a delivery of said slave to either Nathan Jones or his wife Sarah Jones. Upon this evidence the court ruled that plaintiff could not recover.

*Gantt*, for appellant.

*Cline & Jamison*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The question here is, as to the effect of the alleged instrument of gift under which the intestate claimed the slave in controversy, from Howdeshell, the original owner.

This instrument was not a recorded deed, and the possession of the property given did not accompany it, but remained with

Jones' Adm'r v. Covington.

the donor until his death, and the slave was then hired by his administrator to the defendant. The transaction between Howdeshell and the plaintiff's intestate was an imperfect gift, remunerative it may be for services rendered, but still purely voluntary ; and under the third article of the law of 1835, concerning slaves, was altogether ineffectual to effect a change of legal ownership, even as between the parties themselves for want of the solemnities there required. Under our law, as it stood when this transaction occurred, in order to perfect a gift of a slave, so as to divest the title of the giver, even as against himself, there must have been either a change of the possession or a recorded instrument of the character designated in the statute. The law is so written, and it is not pretended that either solemnity was observed here. There is no ground, therefore, for insisting that the gift transferred the title even in a controversy between the original parties. Our statute, which came here in 1804, is a copy of an ancient Virginia act, and the construction we now put upon it is the same given to the Virginia act in Durham and wife v. Dunkly (6 Rand. 14).

All of us concur in affirming the judgment ; but Judge Scott does not concur in the grounds upon which it is here put.

SCOTT, Judge. There is no deed of gift in this case. The instrument claimed to have conveyed the slave is not under seal. There then being no seal and no actual delivery of the slave, the instrument amounted to nothing more than a contract to convey, and passed no property. In my opinion, a deed of gift, under seal, without actual delivery, will pass a title to a slave, notwithstanding the late statute concerning slaves. The common law respecting gifts was in force notwithstanding the statute, leaving it to operate in cases within its provisions. (Swartz v. Chappell, 19 Mo. 304.)