LAWRENCE, Defendant in Error, v. LAWRENCE's EXECUTRIX, Plaintiff in Error.

1. The title to a slave may be transfered by deed without actual delivery.
2. A. conveyed by deed and delivered a slave to B. in trust to appropriate the hire of the slave during the life of A. to his, A.'s benefit, the slave to be delivered by B., upon the death of A., to C., a son of A. *Held*, that C. acquired an interest under this conveyance that could not be destroyed by any arrangement entered into between A. and B.; that A. could not, as against C., and without his consent, resume the entire ownership of the slave.

18—VOL. XXIV.

*Error to Callaway Circuit Court.*

This was an action for the possession of a negro slave named Sam. Plaintiff relied for proof of title upon a deed executed by defendant's testator. By this deed, Edward Lawrence, defendant's testator, sold and conveyed said negro boy Sam to one Rice, " in trust however," so the deed proceeds to declare, " for the uses hereinafter mentioned, viz : said negro slave is to be by said Rice taken into immediate possession, and hired out, and the proceeds of said hire to be applied to my benefit during my natural life, and immediately after my death said slave is to be by said Rice delivered over to my said son James M. Lawrence, at which time said trust ceases," &c.

Defendant admitted the execution of this deed, and the delivery of the negro under it to Rice ; but set up as a defence, that the grantor, defendant's testator, resumed possession of said slave as his own property, and cancelled the gift by the consent of the said Rice ; that the said deed was voluntary and without consideration ; that plaintiff had no knowledge of, and gave no assent to the conveyance, or to the delivery of the negro to Rice, until after the grantor had cancelled said gift, and had resumed possession of the slave ; that after he, the defendant's testator, had resumed possession of said slave, he continued to hold possession of him adverse to Rice and the plaintiff for more than six years before his death, and that in consequence all claim of plaintiff is barred by the statute of limitations.

The portion of the answer of which the above is an abstract was stricken out on motion of the plaintiff. Upon the trial defendant offered evidence to prove the truth of those portions of the answer so stricken out. This testimony was ruled out.

*Ansell* and *Gardenhire,* for plaintiff in error.

I. The court erred in striking out parts of defendant's answer. The gift was incomplete and was revocable, and was revoked by the donor's taking the negro back. The plaintiff was no party to it, nor did he know of it or assent to it until it was revoked. It was testamentary in its character.

II. The court below erred in striking out that portion of the answer setting up the statute of limitations as a bar.

III. The court erred in giving judgment for the negro, when his value only was sued for.

*Morrow* and *Jones*, for defendant in error.

Scott, Judge, delivered the opinion of the court.

Slaves, by our laws, are personal estate. It is said in the books that a gift by deed of chattels will pass the property, though there is no delivery of the thing given—the deed operating by way of estoppel. (Schwartz v. Chappell, 19 Mo. 304.) When the deed under which the plaintiff claims was executed, the statute requiring all gifts of slaves to be by will or deed duly proved or acknowledged and recorded was repealed. This case then stands on the effect of the deed at common law. In Morrow v. Williams, 3 Dev. N. C. 263, it is held that a deed will pass a title to a slave by way of gift, although there is no delivery of the subject of the gift. The law cited on the part of the defendant relative to the necessity of a delivery in order to a complete gift is applicable only to those cases in which a gift is attempted to be made without a deed—to cases where the transaction is by parol. Put the case in the most favorable light for the defendant, that the father had merely delivered a deed to Rice conveying the slave to his son from and after his decease. The deed, in such case, would not have been revocable. The gift would have been perfect and could not have been countermanded. The redelivery of the deed to the grantor would not have divested the right of the donee. It is well settled that delivery to a third person, for the use of the party in whose favor the deed is executed, where the grantor parts with all control over it, makes the deed effectual from the instant of such delivery, although the person to whom the deed is so delivered be not the agent of the party for whose benefit the deed is made. Such a delivery to a third person is good, and the deed presently operates, and infants may assent to such

a deed to themselves, and their assent is presumed until the contrary appears. The deed is valid until he for whose benefit it was made disagrees thereto. (Gannons v. Knight, 5 Barn. & Cres. 671 ; Tate v. Tate, 1 Dev. & Bat. Eq. 22 ; Souverbye v. Arden, 1 Johns. Ch. 240.) But we see no ground for the objection that there was no delivery of the slave. The full legal title to him was conveyed to Rice, the trustee, and both the deed and slave were delivered to him. He was, according to the nature of the transaction, the proper party to whom the delivery should have been made, and his possession was the possession of the plaintiff, who was the remainderman.

The facts of the case furnish no ground for the application of the principles of equity relative to trust estates, voluntary assignments, or assignments for the benefit of creditors. Rice was not a trustee for the plaintiff. His was a perfect legal title, to be enforced in a court of law. On the death of Lawrence, the grantor, the plaintiff became possessed of the legal title to the possession of the slave, and Rice's previous conduct with the grantor could not affect his rights. If, instead of hiring out the slave, as required by the terms of the deed, he permitted his *cestui que trust* to hold the property, that was a matter between themselves which could not affect the plaintiff. His right to the enjoyment of the property had not then accrued, and he had no right to interfere with the management of the previous estate in the slave. It did not concern him, and on no ground could he have maintained an action for the slave before the death of the grantor ; consequently, the law of the limitation of actions, as applicable to trustees, has nothing to do with his rights.

There is nothing in the objection that the judgment of the court is for the recovery of the slave, while the prayer of the petition is for damages. The petition, taken with the affidavit and writ and its return, shows that the proceeding was for the claim and delivery of personal property. The third section of the 17th article of the act of 1849, warranted the court in giving such relief as was consistent with the case made and em-

braced within the issue, without regard to the prayer for relief. Besides, the record showed that the slave had been delivered to the plantiff on his writ of replevin ; consequently a judgment for his value, in damages, would have been erroneous. No amendment was necessary. The defect in the prayer in no way affected the merits of the controversy.

The other judges concurring, the judgment will be affirmed.