JAMES HERALSON, Appellant, *vs.* JEPHTHA MASON, *et al.,* | 53 211 / 90a 199 |
Respondent. | 53 211 / 93a 261 |

1. *Principal and sureties—Prior suit against principal, when unnecessary.—*
The condition of a bond was, that a holder should not prosecute the sureties
till he had exhausted all legal remedies against the principal. *Held,* that
where the principal was totally insolvent and nothing could be realized out of
him on execution, it was unnecessary to bring suit against the principal before
proceeding against the sureties.

*Appeal from Greene Circuit Court.*

*Crawford & Cravens,* for Appellant.

I. The condition to be performed was not a condition prece-
dent. (4 Kent, 125 and note (1); Boone vs. Eyre, 1 H. Black,
254; 1 Ch. Pl., 323; 10 East, 295, 556, 563; McCul-
lough vs. Cox, 6 Barb., 387; 2 Pars. Cont., (5th Ed.), 527.
See also, 6 Mo., 392; 7 Mo., 462; 36 *Id.,* 439; 7 Johns.,
249.)

II. If, by the terms of contract, it has been necessary in
any court to sue the principal first, the allegation of insolv-
ency in the petition, was a good excuse for the failure to sue.
(See 3 Johns., 598.)

*E. Y. Mitchell,* for Respondent.

The appellant cannot recover in this action, until he shall
have "exhausted all legal means to collect the debt from the
principal debtor." Nor can the court say suit was unneces-
sary, because the party was insolvent at the time of giving
the note, and remained continuously so to the bringing of the
suit. It is sufficient that the parties who signed the note,
deemed it of sufficient importance to insert the condition in
their contract. The court will construe the contract accord-
ing to the intention of the parties. (9 Wheat., 702; 10 Mo.,
566; 44 Mo., 254; 20 Ohio, 93.)

Respondent may rely on the non-performance of the con-
dition as a defense to the note. (2 Pars. Cont., (5th Ed.,) 527,
676, 677.)

The agreement in this case goes to whole consideration of
the contract, and the promise to pay is dependent on the con-
dition precedent, that the holder of the bond will exhaust all

legal means to collect the note from the principal debtor. (2 Pars. Cont., (5th Ed.,) 676, 677, 527.)

The liability of a surety is not to be extended by implication beyond the terms of his contract. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has the right to stand on the very terms of his contract. (Miller vs. Stewart, 9 Wheat., 702; Blair vs. Perpetual Ins. Co.,10 Mo., 559; State vs. Boon, 44 Mo., 254; McGoveny vs. State, 20 Ohio, 93; and cases there cited; Bethune vs. Dozier, 10 Ga., 235; Dalrymple vs. Lanman, 23 Md., 399; Thompson vs. Oliver, 18 Iowa, 418; Stokes vs. Burell, 3 Grant, (Penn.,) 241; Legett vs. Humphreys, 21 How. U. S. R., 66; 2 Sto. Cont. (4th Ed.,) §§ 870, 871; U. S. vs. Boyd, 15 Pet., 187, and cases there cited.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit instituted against the sureties upon a bond or written obligation for the payment to the plaintiff of the sum of six hundred dollars. The bond was executed upon the condition that the holder or obligee should not prosecute any suit or action at law against the sureties, until he had exhausted all legal means to collect the same from the principal, or his legal representatives. No suit or action at law was commenced or prosecuted against the principal prior to the institution of this proceeding, but as an excuse or reason why such action had not been commenced, it was averred in the petition that the principal was wholly insolvent and worthless, and that an action against him would have been totally unavailing. But on the trial, the court excluded all the evidence offered to establish the insolvency of the principal, and then at the instance of the defendant, declared the law to be, that before the plaintiff could recover against the defendant, it was necessary that he should have instituted suit against the principal before a court of competent jurisdiction, and by judgment and process make the fact appear, that the debt contracted in the bond could not be realized out

of the property of the principal; and that the only competent evidence to show the principal's insolvency, was a judgment and process had and obtained against him in a court of competent jurisdiction. The plaintiff's instructions asserting the converse of the above propositions, were refused. The court sitting as a jury, then rendered judgment for defendant, and plaintiff appealed.

The only question in the case presented by the record is, whether it was necessary to prosecute a suit to final judgment against the principal in the bond, notwithstanding he was entirely insolvent and nothing could have been realized thereon by process or execution.

This precise question has been recently before this court and definitely determined. The case was a suit brought to enforce the liability of a stockholder in a corporation, and the statute declares, that no stockholder shall be personally liable for the payment of any debt contracted by any company formed under its provisions, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due. The year had expired and no suit had ever been brought against the company, and the defendants who were stockholders, pleaded this as a defense. But it was decided that as the company was insolvent, no action was necessary against it, prior to the plaintiff's commencing his suit against the stockholders. A suit would have produced nothing—it would have been a vain, idle and unnecessary act, and such the law never requires. (State Sav. Ass'n vs. Kellogg, 52 Mo., 583.) So in this case, if the principal was entirely insolvent and possessed no means by which anything could be coerced out of him, on execution, what useful purpose would have been subserved by taking the trouble and going to the useless expense of obtaining a judgment which would not have been worth the paper on which it was written. When a thing becomes useless, nugatory or ineffective, the law dispenses with it. The condition of the bond made it incumbent on

the plaintiff to pursue and exhaust his legal remedy against the principal, before resorting to the sureties. But if the principal was so palpably insolvent, that nothing whatever could have been made out of him by legal proceedings, all efforts in that direction would have been vain and idle.

The condition was inserted for the benefit and protection of the sureties, but when it is clearly shown that the principal is entirely insolvent, they may be proceeded against without the unnecessary and ineffective formality of prosecuting to judgment an action against the principal; and their liability or situation is not changed thereby. The court erred in excluding evidence, and in giving and refusing instructions, and its judgment must be reversed, and the cause remanded.

Judges Vories and Sherwood concur; Judges Napton and Adams not sitting.