ANDREW MURPHY, Respondent, *v.* CITY OF ST. LOUIS,. Appellant.

### March 23, 1880.

1. Where A. agrees to deliver to B. all the ice on a certain pond at a certain price per ton, a delivery of a portion thereof by A. to a third party is a. breach of the contract, which excuses B. from taking the remainder; and the measure of damages for the breach is the difference between the contract price of all the ice and its value on the pond where it was to be delivered.

2. Where the contract is an entire one, the vendee can be liable for a partial. delivery and receipt only where a new contract can be fairly implied from an honest intent to pursue the contract on one part and an acceptance of what has been done on the other.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

LEVERETT BELL, for the appellant,.cited : *Fisher* v. *Goebel,.* 40 Mo. 475 ; *Waters* v. *Brown,* 44 Mo. 302 ; *Chase* v. *Railroad Co.,* 24 Barb. 273.

B. GRATZ BROWN, for the respondent: The contract was.

an entirety. — 2 Pars. on Con. 510, 652. An application for a mere modification in some designated point does not authorize the other contracting party to thenceforth treat the contract as a nullity. — *Picot* v. *Douglas*, 46 Mo. 497. There was no abandonment, and no evidence to sustain the application of the doctrine of estoppel. — Bispham's Eq., sect. 282 ; *Newman* v. *Hook*, 37 Mo. 207 ; *Hempstead* v. *Easton*, 33 Mo. 142.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover damages for breach of a contract by which the defendant sold to the plaintiff for several years, including the winter of 1876–7, all the ice which would form in the city reservoirs, being the two storage-reservoirs at Compton Hill, for $1.25 a ton. The plaintiff was to cut the ice when it became eight inches thick, and remove it when measured by the city engineer. The plaintiff cut and paid for the ice during several winters ; but in 1876 the defendant made a contract with a third person, and allowed such person to cut and take away the ice, or a considerable portion of it, in one of the reservoirs, thereby preventing the plaintiff from cutting and taking such ice under his contract. There was a conflict of evidence as to the damages, and the jury found for the plaintiff in the sum of $450.

The testimony showed that in the winter of 1876–7 there were from two thousand to two thousand four hundred tons of ice in the reservoirs which were not disturbed by the third person to whom the defendant gave a contract, and that the plaintiff might have taken the remaining portion. In view of this, the defendant claims that it was error for the court below to rule that if the value of the ice in the reservoirs exceeded the contract price, the measure of the plaintiff's damages was the difference between the value of all the ice in the reservoirs and the contract price to be paid for such ice. The defendant contends that the plaintiff was per-

mitted to recover damages which accrued through his own failure to take ice which he might have taken. But this point is good only on the basis that the defendant had a right to divide the contract as it pleased. The agreement was for all the ice which should form in the reservoirs, at so much a ton ; and this the defendant was to deliver, and the plaintiff to receive, cut, and take away. That the plaintiff should have all the ice in the reservoirs was an essential part of his bargain, and upon this may have depended the value of his contract. Where, though the contract is an entire one, a part of the goods is delivered, the vendee may be liable for that part ; but this is only where a new contract can fairly be implied, and the basis of the implication is on one hand an honest intent to pursue the contract, and on the other an acceptance of what has been done. Here the defendant appears deliberately to have substituted a new person, and certainly the plaintiff in no way accepted the change or received any part of the ice. On the violation of the contract by the defendant, the plaintiff stood aloof, as he had a right to do. He could not have done otherwise in justice to himself, or consistently with his legal position.

The second instruction of the defendant was properly refused. The fact that the plaintiff wished and applied to the city authorities for a modification of the contract, in respect to the price of the ice, cuts no legal figure. The defendant had a right to refuse to make any modification, and in fact did so refuse ; but the plaintiff's desire to modify, or even rescind the contract, did not justify the defendant in violating it while it existed. There are no facts to raise any question of estoppel.

The judgment is affirmed. Judge Bakewell concurs ; Judge Lewis is absent.