Doyle v. Turpin.

---

W. N. DOYLE, Appellant, v. J. G. TURPIN, Respondent.

St. Louis Court of Appeals, March 5, 1894.

1. **Practice, Appellate:** STATUTORY ABSTRACT OF RECORD. An abstract of the record, filed under section 2253 of the Revised Statutes in lieu of a complete transcript, need not affirmatively show that the motion of the appellant for a new trial was embodied in his bill of exceptions.

2. **Contract:** ACTION BY PARTY IN DEFAULT. A party can not maintain an action on a contract, when he himself is the first to violate it by withholding its reasonable benefits from the other contracting party.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*A. W. Lyon* for appellant.

*Mead & Loy* and *L. H. Musgrave* for respondent.

BIGGS, J.—Section 2253 of the Revised Statutes of 1889 provides that an appellant may, in lieu of a transcript, file in the appellate court a copy of the judgment and an order granting the appeal, accompanied by an abstract of the record.

The appellant in the present case has prosecuted his appeal under the foregoing section. His abstract of the record contains the copy of the motion for a new trial, and the action of the court thereon, but, as it is not affirmatively shown that the motion was embodied in the bill of exceptions, it is claimed by respondent that no matter of exception is properly before us for review. There is nothing in this, in the absence of a showing that the motion for a new trial was in fact

omitted from the bill of exceptions. If it was so omitted, it was the duty of the respondent to bring the matter to the attention of the court by a counter abstract. The time for filing the bill of exceptions was, by order of the court, extended for ninety days. The abstract shows this, and it also shows the date of the filing of the bill to have been within the time prescribed. Therefore, the objections urged by the respondent to the appellant's abstract will be overruled.

This is an action for damages for a breach of the following contract, alleged to have been executed by the defendant, to wit:

"Ash Grove, Mo., Aug. 14, 1890.

"We the undersigned hereby agree to take the number of scholarships set opposite our respective names, and pay for the same at the rate of one hundred dollars each: Thirty-five dollars of said one hundred dollars shall be due and payable to W. N. Doyle, September 10, 1890; thirty-five dollars more shall be due and payable to said W. N. Doyle, September 10,.1891; and the remaining thirty dollars shall be due and payable to said W. N. Doyle, September 10, 1892. Said scholarships shall be valid for tuition in the literary department of Ash Grove College for three school years of about nine months each, and may be used any time within five years from and after this date. Said scholarships shall be transferable once by the indorsement of the owner and secretary of the board of trustees."

The petition averred a delivery to the defendant of a certificate of scholarship according to the terms and conditions of the contract; a full compliance by the plaintiff with all other conditions, and an entire breach of the contract by the defendant.

The answer admitted the execution of the contract and its nonfulfillment by the defendant, but it was denied that the plaintiff delivered to defendant a cer-

tificate of scholarship. As a reason for the failure to carry out the agreement, the defendant averred that he presented to the plaintiff a scholar and offered to pay for the scholarship, but that the plaintiff without a just cause refused to allow the pupil to attend the school. This was denied in the replication.

The cause was submitted to the court without a jury, resulting in a finding and judgment for the defendant. The plaintiff has appealed.

It seems to have been conceded on the trial that the defendant at the beginning of the session of Ash Grove college in September, 1890, asked the plaintiff, who was proprietor of the institution, to receive a pupil for six months under the defendant's scholarship, the defendant at the same time offering to pay the first installment of the money. This the plaintiff refused to do, unless the defendant would transfer the entire scholarship to the pupil, his contention being that, as the pupil was not a child of the defendant, and was in no way dependent upon him, he could not insist on his admission, unless he saw proper to make an absolute transfer of the scholarship to the pupil. This view was presented by instructions asked by the plaintiff, which the court refused.

There is but little, if any, ambiguity as to any portion of the written contract, and there is certainly none touching the point in controversy. The language of the contract is: "Said scholarship shall be valid for tuition in the literary department of Ash Grove College for three school years of about nine months each." In what manner this clause limited the use of the defendant's scholarship to his own children or to some child dependent upon him, we can not understand. The defendant had the right during the life of the scholarship to send a scholar, subject, however, to the rules and regulations applicable to other students.

This is the plain language of the contract, and it will admit of no other interpretation.

Nor do we think that the agreement of the pupil to compensate the defendant for the use of the scholarship for six months was tantamount to the splitting of the defendant's claim. There was no assignment of the scholarship, and it is not shown that the plaintiff would have been prejudiced by the proposed arrangement.

We, therefore, conclude that the plaintiff was not justified in his action in the premises, and, as he was the first to violate the contract by withholding from the defendant its reasonable benefits, he can not now complain of the subsequent refusal of the defendant to comply with his part of the undertaking.

Whether the defendant could, under the terms of the contract, send a different scholar each year, or whether the term "scholarship" means tuition for one and the same scholar, is a question which is not presented for decision on this record, and one on which we desire to express no opinion. The evidence in this case concedes that the scholar presented by the defendant was the only scholar presented by him.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.