RACHEL CRABB, Respondent, v. SCHOOL DISTRICT
NO. 1, Township 15, Bates County, Missouri, Appellant.

**Kansas City Court of Appeals, March 3, 1902.**

1. **Schools: TEACHER'S CONTRACT: CERTIFICATE: STATUTORY CONSTRUCTION.** The statute does not require the teacher to have a certificate of qualification at the time of making the contract to teach in the future, but such certificate must exist during the employment of teaching.

2. ———: ———: **SPECIAL EXAMINATION.** A contract with a teacher required that she take a special examination before the district superintendent. *Held,* such stipulation was nugatory and binding on neither party, since there is no such officer as district superintendent.

3. ———: ———: **UNCERTAINTY AS TO BEGINNING OF TERM: SCHOOL YEAR.** A teacher's contract employed her for a given time at a given price, but failed to state when services should begin. *Held,* the law implies the services were to be rendered within the school year and the services should begin when the board fixed the opening of the term.

4. ———: ———: **CERTIFICATE.** A teacher's contract was entered into in June. Subsequently the board opened the school on the fourth of September. The teacher's certificate arrived on the fifth, bearing that date. *Held,* that such delay in securing certificate did not work forfeiture of her right under the contract.

5. ———: ———: ———: **EMPLOYMENT OF ANOTHER.** A teacher's contract was entered into in June. The school was opened on the fourth of September. On the thirty-first of August the board employed a teacher in the place of the one contracted with. The first teacher's certificate did not arrive until the fifth, and bore that date. *Held,* the district committed the first breach of the contract and put it out of its power to comply therewith and can not be permitted to defeat the teacher's recovery because of her failure to have, for a single day, a certificate.

6. ——: ——: FILING CERTIFICATE. Where a teacher under contract is not permitted to teach as contracted, she is not required to file her certificate with the clerk.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*Smith & Denton* for appellant.

(1) The plaintiff and defendant could not make any contract binding upon the defendant by which plaintiff should be employed to teach, unless at the time said contract was made plaintiff held a certificate which authorized her to teach in defendant's school at the time of the opening thereof. R. S. 1889, secs. 8021 and 8022. (2) The plaintiff, neither at the time of the making of her alleged contract, nor at the time defendant's schools opened, held a certificate authorizing her to teach school in Bates county, Missouri, and for this reason alone any contract between plaintiff and defendant, if otherwise sufficient, was void. R. S. 1889, sec. 8022; Bernard v. Lupping, 32 Mo. 345; Cheltenham Fire Brick Co. v. Cook, 44 Mo. 29; Porter v. Jones, 52 Mo. 399; Woolfolk v. Duncan, 80 Mo. App. 421. (3) The defendant's board of education could not have delegated to its superintendent, McGinnis, any of its powers in the matter of determining as to the qualification or fitness of the plaintiff to be a teacher in its schools; in other words, it has no power to appoint any other agent than such as it is authorized by law to appoint, and this power is not conferred by statute. 1 Dillon's Mun. Corp. (3 Ed.), sec. 96; Thompson v. Boonville, 61 Mo. 282; Rich Hill v. Donnan, 82 Mo. App. 386. (4) The fact that McGinnis was the person designated to give the examination to plaintiff did not *ipso facto* make him the agent of defendant in that regard. It was perfectly competent, under the law,

for the parties to this action to make the approval or the examination of McGinnis, as a third party, one of the conditions of the alleged contract of employment. Neeman v. Donoghue, 50 Mo. 493; Chapman v. Railroad, 114 Mo. 542. (5) The contract is void for the reason that it is so indefinite, or rather so wanting in some of the particulars necessary to make a valid contract, that it can not be enforced, in that it does not show when or in what year the services were intended to be rendered. Bishop on Contracts (Enlarged Ed.), secs. 316, 390; Chitty on Contracts (11 Am. Ed.), sec. 82; 1 Greenleaf's Evidence, sec. 300; Cummer v. Butts, 40 Mich. 322; s. c., 29 Am. Rep. 530; Baxter v. Bishop, 45 Ia. 582.

*W. O. Jackson* for respondent.

(1) It was not necessary for plaintiff to obtain her certificate or do any other act toward the fulfillment of her contract after the defendants had by order and contract employed another teacher in her place. Murphy v. Black, 78 Mo. App. 316; Halpin v. Manny, 57 Mo. App. 59, and authorities cited. 7 Am. and Eng. Ency. of Law, p. 147, and p. 123 under title, Waiver. (2) Statutory prescriptions in regard to the time, form and mode of proceeding of public functionaries are generally directory. 23 Am. and Eng. Ency. of Law, pp. 458, 459, 460; School Dist. v. Edmonston, 50 Mo. App. 65; McShane v. School Dist., 70 Mo. App. 624. The filing of a certificate, or having one at the time of the application, is a formality for the purpose of knowing that a teacher is competent to teach. (3) It would be inequitable to permit parties to suffer by the derelictions of public officers over whose conduct they have no control. 23 Am. Eng. Ency. of Law, p. 465.

BROADDUS, J.—This is a suit on a contract entered into on the seventh day of June, 1899, by and between the

plaintiff and School District No. 1, township 15, Bates county, Missouri, by the terms of which the board of said district employed the plaintiff to teach in its school, for a period of nine months at a salary of $35 per month. When the term began on the fourth day of September, the defendant refused to permit the plaintiff to teach, and this suit is for her salary, less time she was employed to teach in another district. She recovered judgment and the defendant has appealed.

The defendant admits the execution of the contract alleged, and for a defense to plaintiff's claim, sets up the following state of facts, viz.: The contract of hiring provided as a condition precedent, that the plaintiff pass a satisfactory examination in certain studies on or before the twentieth day of August, 1899, which examination was to be had before defendant's school superintendent; and that a grade of seventy per cent be made by plaintiff in said examination, on a basis of one hundred per cent. It is alleged that plaintiff did not take said examination, although she had the opportunity for taking it; and that said contract is illegal and void, for the reason that at its date the plaintiff was not a legally qualified teacher of Bates county, as she did not have a certificate of qualification from the school commissioner of said county, or from any other legal authority; and that she did not file, or offer to file, any such certificate between the date of making said contract and the day when defendant's school began.

As the court made a finding of facts in the case, which is found in the record, we adopt it as a statement of the principal facts brought out on the trial. It is as follows, viz.:

### COURT'S FINDING OF FACTS.

"In this cause the court finds the facts to be as follows: On the seventh day of June, 1899, the defendant, school district, duly entered into the contract herein sued upon and

Vol 93, app—17.

caused the same to be signed by its president and secretary and that thereafter the same was signed by the plaintiff herein and said contract filed with the clerk of said defendant; that the said plaintiff did not take the examination before the defendant's superintendent of public schools on or about the twentieth day of August, as directed in such contract, but, upon this proposition the court further finds that the said defendant, by and through its board of education by an order duly made, extended the time to the thirty-first day of August; that on the thirty-first day of August the plaintiff presented herself to Mr. McGinnis, the superintendent of the defendant, for examination, and that said superintendent failed and refused to give to plaintiff said examination; that said McGinnis was the agent of the defendant in this regard; that at the time the written contract sued upon herein was entered into, the plaintiff had a valid certificate to teach school in Bates county, Missouri, which certificate expired on the twenty-sixth day of August, 1899; that on the seventeenth day of August, 1899, the plaintiff presented herself to the State Superintendent of Public Schools for an examination to obtain a state certificate; that said examination was not concluded until the twenty-ninth day of August, 1899.

"Whether material or not the court further finds that on the third day of September, 1899, plaintiff received a telegram purporting to come from the state superintendent, announcing to her that her papers had been graded and that her certificate would be forwarded the next day; that this telegram was shown to one of the defendant's board of directors on said third day of September, 1899; that school began the fourth day of September, 1899; that plaintiff did not receive said certificate until the fifth or sixth of September, 1899, and when she did receive said certificate it was dated September 5, 1899; that plaintiff was at the school building ready to begin teaching on the morning of the fourth day of September, 1899, at the time that the public schools of defendant

began; that another teacher was teaching the room which plaintiff had formerly occupied. The court further finds that on August 31, 1899, the defendant by its board of directors, by order duly made, employed another teacher in place of the plaintiff in this' case and so specified that said teacher was in place of the plaintiff in this case by their order of record. The court also further finds that plaintiff obtained other employment for the period of three months during the term of this contract at the rate of thirty dollars per month, and was unable to obtain further employment. The court further finds that plaintiff at no time filed her certificate to teach school with the clerk of the district board. The foregoing facts are all that are necessary to a determination of this cause."

At the time she entered into said contract she had a certificate to teach school, but it was defective in two respects, viz.: It did not state in the body thereof that she was authorized to teach in Bates county or any other county—the blank space left in the same to be filled by the name of the county was left unfilled. In the next place it was signed by Arthur Borron, county commissioner, without stating for what county he was commissioner. But we do not think it was material she should have had a certificate at that time. Had it been complete in every particular it would not have been of any service, for it expired before the beginning of defendant's schools, for the law requires the teacher to have such certificate while being employed as such teacher.

But it is the contention of the defendant, if the plaintiff did not have a proper certificate at the time the contract was entered into, it was for that reason invalid. This contention involves a construction of sections 8021, 8022 and 8023 of the Revised Statutes of 1889, in force at the date of the contract. Section 8021 is as follows: "No teacher shall be employed in any school supported by the public funds, or any part thereof, until he has received a certificate of qualification

therefor, signed by the commissioner of the county where he or she intends to teach, except those holding normal diplomas and certificates entitling them to teach under section 8128 of the chapter on normal schools, and except those holding certificates then in force from the state superintendent." Section 8022 prohibits any teacher from entering any school in the State to teach without such certificate, and as a penalty for so doing he forfeits all claim to compensation, and subjects himself to a fine; and it further imposes a fine upon any director who shall indorse or encourage any teacher in such unlawful conduct. Section 8023 prescribes the qualifications of teachers.

We do not think, taking sections 8021 and 8022, to be read together, they mean that the teacher must have a certificate of qualification at the time of making a contract to teach school in the future. The object of the statute is that the qualification may exist during the term of the employment. The language of the statute is that, "no teacher shall be employed," and has reference to the employment and not to the contract for employment. It means that he shall not be engaged in teaching without the required certificate, and the following section imposes a forfeiture and punishment if he does so.

But it is claimed that as she did not take the examination before the defendant's superintendent as agreed, she forfeited her rights under said contract. It must be admitted that in the interest of a higher educational qualification the defendant's board of directors had the right, in addition to having a statutory certificate, to require her to take an examination in which she should maintain a certain standard of fitness as a teacher. The contract required her to take this examination before the defendant's superintendent. The time fixed by the contract for this examination was the twentieth of August, but the board extended the time to the thirty-first day of August, at which time she presented herself to one Mc-

Ginnis who, it seems, was designated as superintendent, but he refused to examine her. She did not agree to have McGinnis, by name, examine her, but the contract specified that she should be examined by the board's superintendent. There is no such officer known to the school law, consequently no such examination could be held. If McGinnis had examined her and certified to her qualifications, the condition would not have been complied with because he was not in law defendant's superintendent and was not designated in person to make the examination. The condition was nugatory from the beginning, and consequently not binding on either party. It had no more force and effect than if it had not been inserted in the writing, as there was no such officer. It was merely an attempt to impose a condition. The contract is good without it, and it must therefore be construed without reference to it. See Heralson v. Mason, 53 Mo. 213 l. c.

But defendant contends that as there is no specified time in which plaintiff's employment was to begin, the contract is too indefinite to be enforced. In other respects the contract is definite. It is a hiring of the plaintiff as teacher in defendant's schools for a term of nine months at a salary of $35 per month. Is it void for uncertainty? In Chouteau v. Railroad, 122 Mo. 375, it is held: "What the law will imply in an express contract is as much a part and parcel of it, and is as much to be considered in construing it, as if stated in such contract in direct terms." Under the school law of the State, the school year begins on the first day of July and ends on the thirtieth day of June. It is clear that said contract was entered into by the parties with the understanding that the law fixed the time within which the term of school should begin and end. The defendant's board of directors would have had no authority to have made any contract with a teacher for his services except for the ensuing year. The law itself, therefore, became a part of the contract. It is true that the statute does not say just when the school term

shall begin and when it shall end, but leaves the time to be fixed by the boards, and when the time is so fixed, it is binding on the teacher under the law and is a part of his contract. We, therefore, hold that the contract was made with reference to the time when defendant's board of directors should fix the beginning of the school term within the statutory school year, and is as much a part of the contract as if it had been inserted in the writing in express terms.

But it is further contended that as the school term began on the fourth day of September, and plaintiff's certificate in evidence issued to her by the State Superintendent of Schools, was dated the fifth day of September, she was not a qualified teacher at the beginning, and, therefore, she is not in condition to enforce said contract. Time, it is true, is a material essence of the contract in suit. But can it be said that the plaintiff's failure to have a proper certificate on the fourth day of September, when defendant's school opened, taken in connection with the fact that she received one on the next day dated the fifth of September, have the effect of forfeiting her rights under the contract? There are instances when time becomes of such material consequence, that a failure of a party to comply with his contract in that respect at the time agreed upon, works a forfeiture of his rights under such contract; but the courts are not swift to enforce forfeitures, and only do so in extreme cases.

If the defendant had been forced to employ another teacher by reason of plaintiff's failure to have a proper certificate on the fourth day of September, the case would perhaps have been different. The defendant's board knew that the plaintiff was to have a certificate to teach, for she exhibited a telegram from the state superintendent that one had been issued to her, which, however, when it came, was dated the fifth of September, one day after the school opened. If the defendant is to be permitted to exact the literal terms of the contract, and demands the *"pound of flesh"* the plaintiff's

rights under her contract are forfeited. But ought it to be permitted? It is good law that a party who commits the first breach of his contract is not in a condition to enforce it against the other contracting party. Doyle v. Turpin, 57 Mo. App. 84. The defendant's records introduced show that the defendant was the first to commit a breach of its contract. These records show that on the thirty-first day of August the defendant's board employed another teacher in place of the plaintiff and put it out of its power to comply with the contract. Under such circumstances it should not be permitted to deny plaintiff's right to recover because of her failure to have, for a single day, a teacher's certificate, for she substantially complied with her contract in that respect.

It is also claimed that plaintiff failed to file her certificate with the clerk of the board as required by law, and for that reason she ought not to be allowed to recover. She was not required to file her certificate unless she was permitted to teach. She was compelled by the acts of the defendant to seek employment to teach another school, and for that purpose she was required to have it. The real reason why the plaintiff was not permitted to teach defendant's school, was that she failed to attend the summer school of said McGinnis, the so-called superintendent. It seemed that plaintiff preferred to attend the county institute, as was her right, and for this she incurred the displeasure of said McGinnis. This is shown by his conduct when plaintiff applied to him to examine her on the thirty-first day of August, when he told her that he did not have time, that he expected to make a report to the board on the night of that day, and that he wanted to go to the fair in the afternoon. And as it appears that the board on the night in question employed another teacher to take the place of the plaintiff, it is reasonable to conclude that he informed its members that plaintiff had not taken the examination that day as the board had required her to do, which however if true, was the result of his own

wrongful act in refusing to make the examination. And it also further appears that eighteen of the twenty teachers engaged in the defendant's school were summer pupils of said McGinnis.

The defendant's instructions refused by the court were not the law of the case. We believe that the case was properly tried by the court and that the judgment was for the right party. Affirmed. All concur.