## THE STATE ex rel. ALEX H. MAJOR v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

### Division Two, October 6, 1925.

1. **CERTIORARI: Timely Application for Writ: Thirty Days.** Where the Court of Appeals overruled relator's motion for a rehearing on June 24th, his application for a writ of *certiorari* filed in this court on July 24th was timely applied for, although the notice served on respondent's counsel recited that relator would present his petition for the writ on July 28th.

2. ———: **Matters Considered.** Upon *certiorari* to a court of appeals the case is not considered as one pending on an appeal directly from a trial court; it is pending before this court in the exercise of its jurisdiction of supervisory control over inferior courts.

3. **REPLEVIN: Exchange of Goods: Part Payment: Rescission: Statu Quo.** Defendant, the owner of a stock of wooden toys, entered into a contract with plaintiff by which he agreed to deliver to plaintiff the goods and his machinery for the manufacture of toys, for $1,000, to be paid $250 in cash and the balance by a 1920 model automobile. The cash was paid and after a part of the goods was delivered defendant discovered that the automobile was a 1918 model and very much inferior to a 1920 model, and tendered back the 1918 model delivered, and stopped a further delivery of goods until a 1920 model were delivered. Plaintiff brought replevin for the undelivered goods, and at the trial the court instructed the jury that if the agreement was that plaintiff was to deliver a 1920 model automobile, that he had not done so, that the 1918 model delivered

State ex rel. Major v. Allen.

was very much inferior in value and for use than a 1920 model, and that defendant had tendered it back and demanded a 1920 model, their verdict must be for defendant. The plaintiff contended on appeal to the Court of Appeals that the instruction was erroneous; that a person desiring to rescind a contract must tender back the consideration and place the other party *in statu quo;* that the instruction authorized a verdict for defendant if he merely tendered back the 1918 model automobile, and now contends that the Court of Appeals in approving the instruction contravened various controlling decisions of this court. The Court of Appeals held that the defendant did not rescind the contract, and was not required to do so, but simply stopped his part of the agreement until plaintiff complied with his part. *Held,* that the Court of Appeals did not hold that the rescission of a contract could be accomplished without restoring or offering to restore the consideration received, but merely held that defendant did not undertake to rescind, but was insisting that plaintiff perform the contract by delivering the automobile he had agreed to deliver, and therefore the question of restoration upon a rescission of a contract is not here for consideration.

4. ———: ———: **Title to Goods.** A holding by the Court of Appeals in a replevin suit that the contract was one for the exchange of goods; that a part of the goods having been delivered, defendant had a right to hold up a further delivery until an automobile of the character described in the contract was tendered by plaintiff, and that the title to the remaining undelivered goods did not pass to plaintiff, did not contravene any controlling decision of this court.

5. ———: **Instruction: Covering Whole Case: Question Not Discussed.** A contention by relator that when a principal instruction undertakes to cover the whole case it must cover the defenses pleaded and proven, as well as plaintiff's theory of the case, is not for consideration upon *certiorari* to a court of appeals, where the opinion of such court did not discuss the instruction from that standpoint.

Corpus Juris-Cyc. References: Certiorari, 11 C. J., Section 355, p. 200, n. 31. Courts, 15 C. J., Section 511, p. 1079, n. 42. Exchange of Property, 23 C. J., Section 73, p. 227, n. 95. Sales, 35 Cyc., p. 144, n. 93; p. 146, n. 11.

## *Certiorari.*

Writ quashed.

*J. L. London* and *L. C. Turner* for relator.

(1)    The instruction approved by the Court of Appeals is erroneous and in conflict with the principles repeatedly announced by this court. Collins v. Wayne Lumber Co., 128 Mo. 451; Schwartz v. Chappel, 19 Mo. 304; Caldwell v. Garner, 31 Mo. 131; Jarrett v. Morton, 44 Mo. 275; Estes v. Reynolds, 75 Mo. 563; Robinson v. Siple, 129 Mo. 129; Roeder v. Robertson, 202 Mo. 523. (2)    Where a principal instruction undertakes to cover the case it must cover the defenses pleaded and proven as well as the plaintiff's theory of the case. The instruction must also include all hypothetical facts necessary for the plaintiff to recover. Enloe v. Car Co., 240 Mo. 443; Bluedorn v. Mo. Pac. Ry. Co., 108 Mo. 439; Patterson v. Evans, 254 Mo. 293; State ex rel. Ins. Co. v. Cox, decided by this court March, 1925; State ex rel. Ambrose v. Trimble, 263 S. W. 840; State ex rel. v. Ellison, 263 S. W. 840. (3)    Where a rescission of a contract is sought, the party desiring to rescind must tender back the consideration. Roeder v. Robertson, 202 Mo. 534; Jarrett v. Morton, 44 Mo. 275; Estes v. Reynolds, 75 Mo. 563; Robinson v. Siple, 129 Mo. 129. (4)    Where merchandise has been set aside and identified for the buyer title passes, and so title to the toys passed to the relator. Collins v. Wayne Lbr. Co., 128 Mo. 451; Schwartz v. Chappel, 19 Mo. 304; Caldwell v. Garner, 31 Mo. 131.

*Earl M. Pirkey* for respondents.

(1)    A party to a contract cannot claim its benefits where he is first to violate it by withholding from the other party its reasonable benefits. Doyle v. Turpin, 57 Mo. App. 87; Murphy v. City of St. Louis, 8 Mo. App. 485; Kreitz v. Egelhoff, 231 Mo. 703. (2)    When Hast had a contract for exchange with Major and had delivered Major part of the goods, Hast was not compelled to deliver the rest where Major refused to deliver the consideration which it was agreed Hast should receive. Kingman Moore Imp. Co. v. Ellis, 125 Mo. App. 697. (3)    Title passes from seller to buyer with delivery of

the goods. Scott Bros. v. Grimes D. G. Co., 48 Mo. App. 524. (4) A vendor has a common-law lien for the price of his goods, and he does not have to give up possession until he is paid the price, and if he has actually parted with possession he can still stop the goods *in transitu*. Scott Bros. v. Grimes D. G. Co., 48 Mo. App. 524; Heinz v. Transfer Co., 82 Mo. 233.

BLAIR, J.—*Certiorari* to the St. Louis Court of Appeals. Relator was plaintiff in a replevin suit in the Circuit Court of the City of St. Louis, wherein he had taken the goods involved after giving replevin bond. The jury found for defendant and fixed the value of the property so taken at $1,000. Upon appeal respondents affirmed the judgment of the trial court. We are asked to quash respondents' opinion because of alleged conflict with controlling decisions of this court.

We will refer to relator, who was plaintiff in the trial court, as Major and defendant thereat as Hast, to avoid confusion. As appears from respondents' opinion Hast owned a stock of goods consisting mostly of wooden toys and also machinery for making such toys. On December 11, 1921, Hast and Major entered into the following contract:

"St. Louis, Mo., Dec. 11th, 1921.

"Sold to Alex H. Major, Jr., all the material, goods and machinery as per invoice given by him to Mr. Chapman not including post drill for the sum of $1000 of which $50 is paid and accepted today by H. L. Hast and the balance to be paid as follows: $200 in cash and a 1920 Oldsmobile sedan, 6 cylinder, now located at 3814 Washington Ave., to be paid next Tuesday. Said automobile to be in perfect running order.

"H. L. HAST."

The balance of the $250 was paid to Hast, and Major sent wagons and hauled away several loads of the goods. Hast then stopped such hauling because Major had not delivered to him the automobile described in the contract. Major thereupon delivered to Hast an automobile

and gave him a bill of sale, the body of which read as follows:

"Know all men by these presents, That I, Alex H. Major, of the city of St. Louis, State of Missouri, for and in consideration of the sum of seven hundred and fifty dollars, the receipt of which is · hereby acknowledged, do by these presents bargain and sell unto H. L. Hast, of the city of St. Louis, State of Missouri, the following described personal property, to-wit: One Oldsmobile sedan, fully equipped, factory number 190762. And I hereby certify that I am the owner thereof and have full right and title thereto, and authority to sell and dispose of the same, and that the above-described property is now free and clear of all liens and encumbrances of every kind, except nothing."

Major then proceeded with the loading and hauling away of said goods. The following morning Hast again stopped such hauling, stating that the automobile delivered to him was not the 1920 model Oldsmobile, called for in the contract, but was a 1918 model and almost worthless. The bill of sale did not describe a 1920 model. Major claimed that he told Hast he did not know in what year the automobile was made. Hast claimed that he accepted the automobile upon the assurance of Major that it was a 1920 model and upon the distinct condition that, if the automobile was not a 1920 model, Hast would stop any further removal of the goods and there was to be no trade. He made an investigation and found that the automobile was a 1918 model and worth from one-third to one-half of what a 1920 model would have been worth. He refused to go ahead with the trade, tendered back the automobile and demanded that Major deliver him a 1920 model. Major failed to do this and, as above stated, brought a replevin suit for the goods yet remaining in Hast's possession.

I.    Counsel for respondents insist that the petition for our writ of *certiorari* was not timely applied for and that the writ should now be quashed. They rely upon

State ex rel. Berkshire v. Ellison, 287 Mo. 654, 230 S. W. 970. There Graves, J., said:

"Having due regard to this statutory provision, we conclude that these thirty days should be the limit of reasonable time for aggrieved parties in the Courts of Appeals to get their application to this court."

Counsel say that the respondents overruled Major's motion for rehearing on June 24, 1924, and that the application for our writ was not made until July 28, 1924, or more than thirty days after the motion for rehearing was overruled. The file mark of our clerk shows that the petition for our writ was actually filed here July 24, 1924, and therefore within such thirty-day period. Respondents were perhaps misled into making this contention by the notice served upon them that counsel for Hast would present the petition here on July 28, 1924, or as soon thereafter as counsel could be heard. The rule laid down in the Berkshire case was not violated.

II.   Counsel for both parties have presented the case as if it were pending before us as an appellate court and not pending before us in the exercise of our jurisdiction of supervisory control over inferior courts. Therefore, much found in the briefs of both parties will not be noticed.

The question of conflict of opinion arises out of conclusions reached by respondents in approving the following instruction given for defendant:

"The court instructs the jury that if they find from the evidence that it was agreed between defendant and plaintiff that the defendant was to sell the property sued for, and other property mentioned in the evidence, to plaintiff, and was to receive therefor two hundred and fifty dollars in money and a 1920 Oldsmobile sedan, six-cylinder automobile, and that said automobile was to be in perfect running order, and that such an automobile was not tendered to or delivered to defendant, but that instead an Oldsmobile sedan automobile was delivered to him by plaintiff and for the Oldsmobile sedan 1920

six-cylinder automobile in such agreement, and that such automobile so delivered was an automobile which was a 1918 model and was not a 1920 Oldsmobile sedan six-cylinder automobile, and that said 1918 automobile was of less value than a 1920 Oldsmobile six-cylinder sedan, and at the time of such delivery the defendant did not know that said automobile was a 1918 model and that plaintiff represented it to be a 1920 automobile, and that defendant relied on said representation, and in reliance thereon permitted the plaintiff to take part of the goods agreed to be sold, and that thereafter defendant learned that said automobile was not a 1920 but a 1918 automobile, and that thereupon he tendered said automobile back to plaintiff and refused to permit the plaintiff to take any more of said goods, then the court instructs the jury that the verdict of the jury should be for defendant.''

III.. Relator contends that, by the contract quoted above, the title to the goods passed to Major and that Hast was required, in rescinding such contract, to put Major *in statu quo* by tendering back, not only the automobile, but the $250 in money received by him and that, until such rescission was made, Major was entitled to the possession of the goods. Relator contends that, as said instruction authorized a verdict for defendant Hast, if he merely tendered back the automobile, the instruction was improper and, in approving it, the opinion of respondents contravened certain controlling decisions of this court, to-wit: Collins v. Wayne Lumber Co., 128 Mo. 451; Swartz v. Chappell, 19 Mo. 304; Caldwell v. Garner, 31 Mo. 131; Jarrett v. Morton, 44 Mo. 275; Estes v. Reynolds, 75 Mo. 563; Robinson v. Siple, 129 Mo. 208, and Roeder v. Robertson, 202 Mo. 522.

Those cases announce the well-recognized rule that a person desiring to rescind a contract of sale must tender back the consideration and place the other party *in statu quo*. The respondents did not announce any conclusion in conflict with these cases, but inferentially, at

least, recognized such rule. They held that Hast did not, and was not required to, rescind. We quote from their opinion as follows:

"It is also said that this instruction is erroneous in that it permitted a recovery by defendant without any rescission of the contract on his part. This reaches the vitals of the case.

"We are of the opinion, after reading the record, that the defendant was not required to rescind, but, under the terms of the contract and under the facts and circumstances attending, the defendant could stop the performance of his part of the agreement until plaintiff complied with his part of the contract and furnished the consideration that was due the defendant under same. Title to the remaining toys and machinery did not pass to plaintiff, but it was an exchange, a barter, and defendant had the right to hold up the delivery of further toys until the automobile agreed upon and contemplated in the trade was delivered to the defendant. . . .

"Appellants' counsel again insist that when title and right of possession passed to Major, the defendant, in order to secure any further claim on the property, could only acquire same by a rescission of the contract, and that if there is a rescission it must be entire. This, again, is the real question in the case. We reassert that under the arrangement of the parties title to the undelivered toys did not pass to plaintiff. It was not a sale in a technical sense, it was a barter; one party was to deliver one kind of property and the other party was to give up another kind of property. It is true the bill of sale did not designate whether the automobile was a 1920 model, but the contract did. When the machine was delivered, the defendant at once called attention to the matter as to whether same was a 1920 model and that the bill of sale was silent on the subject. Defendant took the bill of sale and the machine under the understanding that if the machine did not prove to be a 1920 model, as specified in writing, he could reject it, and as soon as he found that it was not a 1920 model, but a very much in-

inferior one—a 1918 model—he tendered the machine back and withheld his own property, *with which he had not yet parted. This, we think, could be done. Rescission of the whole contract was not required when plaintiff* defaulted under the circumstances of this particular case. Defendant, we believe, was justified in withholding further delivery of the toys until plaintiff furnished the machine that the contract called for, for a party to a contract cannot claim its benefits where he is the first to violate it by withholding from the other party its reasonable benefits. [Doyle v. Turpin, 57 Mo. App. 84; Murphy v. St. Louis, 8 Mo. App. 485; Kreitz v. Egelhoff, 231 Mo. 694, 132 S. W. 1124.]

"In 6 Ruling Case Law, sec. 322, p. 941, in a discussion of the topic of rescission of contracts, it is said:

" 'Even where a party has in fact received something under the contract, he is not always bound to return it. The rule, like other rules of justice, must be so applied in the practical administration of justice as shall best subserve, in each particular case, the undoing of wrong and the vindication of right.'

"In Doyle v. Turpin, supra, this court held that where a party to a contract first violates it by withholding the reasonable benefits of the contract he cannot complain of the other party's refusal to carry out his part of the agreement.

"In dealing with a situation such as we have here, we must have in mind the 'scope, purview and intendment of the contract as prerequisites to its interpretation and to ascertain and settle the rights thereunder.' [Kreitz v. Egelhoff, supra.] We feel that a rescission of the whole contract is not involved in this case."

It is very evident that respondents did not hold that rescission could be accomplished without restoring or offering to restore the consideration received. They held that Hast did not undertake to rescind the contract, but, on the contrary, was insisting upon performance of the contract by Major by demanding that he deliver the 1920 model automobile described in the contract. Re-

lator does not assail the opinion, as contravening controlling decisions of this court in holding that, upon the facts set out in such opinion, there was no rescission by Hast and that he was not undertaking to rescind the contract. That question, therefore, is not before us and need not be considered.

IV. Respondents held that title to the goods did not pass to Major. As part of the opinion above quoted, they said: "Title to the remaining toys and machinery did not pass to plaintiff, but it was an exchange, a barter, and defendant had the right to hold up the deliv-

Title. ery of further toys until the automobile agreed upon and contemplated in the trade was delivered to the defendant. . . . We re-assert that under the arrangement of the parties title to the undelivered toys did not pass to plaintiff."

Relator contends that such ruling, upon the facts stated in the opinion, contravenes Collins v. Wayne Lumber Co., 128 Mo. 451; Swartz v. Chappell, 19 Mo. 304, and Caldwell v. Garner, 31 Mo. 131.

In the Collins case the lumber was not manufactured when the contract was entered into. It was afterwards sawed, stacked separately and marked with the initials "C. & Co.," designating the plaintiff as owner. Upon refusal to deliver because of a difference as to the price to be paid under the contract, Collins & Company brought a replevin suit. The court held that Collins *had tendered payment for the lumber in accordance with the contract.* The case is, therefore, very different from the case stated by respondents in their opinions and no conflict appears.

In the Swartz case, Swartz sued Geagen and attached a quantity of hemp and two oxen. Chappell interpleaded, claiming to own the attached property. He prevailed as to the oxen and his claim as to the hemp was disallowed by the jury. The court had instructed the jury that Chappell acquired no title to the hemp. Some work was to be done upon the hemp by Geagen to prepare it

for market, and it was contended that the title did not pass on that account. This court held that title passed nevertheless and that Chappell was entitled to have the jury pass upon the question of sale in fraud of creditors as to the hemp, as well as to the oxen. As to the latter they had decided the question of fraud in Chappell's favor. There was no question in the case of performance of the contract of sale on Chappell's part and that fact distinguishes that case from the case as stated by respondents here.

In the Caldwell case Garner attached certain railroad ties as the property of Broad. Caldwell sued Garner to recover the value of the ties. He claimed them by virtue of a sale and delivery to him by Broad's agent. The ties were already upon Caldwell's land, from which they had been cut. The transfer of the ties to Caldwell was for the purpose of securing to him payment of the purchase price of the standing timber before it was cut into ties by Broad. There was no question of performance by Caldwell of any of the terms of the contract of sale and delivery to him. The debt was owing to him. The ties were already upon his land. There was no doubt about the *bona fides* of the transaction. It was, therefore, held that Caldwell could recover from Garner the value of the ties attached and sold by him. The case is entirely different from that stated by respondents in their opinion here.

No claim is made here that, in holding that Hast had the right to withhold delivery of the goods to Major until he complied with his contract and that Major was not entitled to the benefits of the contract until he complied with the contract on his part, respondent contravened controlling decisions of this court upon a similar state of facts, and such question is not before us.

V. Relator states the broad proposition that when a principal instruction undertakes to cover the whole case it must cover the defenses pleaded and proven, as well as plaintiff's theory of the case. He cites authorities in support. We

**Instruction:**
**Whole Case.**

fail to find any discussion of the instruction from that standpoint in the opinion of respondents. The question is not before us.

VI. The respondents considered and disposed of other objections to the instruction quoted, but their opinion is not here challenged in such respect. We find no conflict between the opinion, upon the facts as therein stated by respondents, and any controlling decision of this court.

No Challenge.

Our writ is accordingly quashed. All concur.