THE STATE ex rel. McLAIN JONES v. WILLIAM
    B. ROBERTSON et al., Judges of Springfield
    Court of Appeals.

In Banc, December 19, 1914.

1. CERTIORARI: To Court of Appeals. On a *certiorari* to a
   Court of Appeals on the ground that its decision in a certain
   case is in conflict with the last previous decision of the Supreme
   Court on the subject, the case will not be considered by the
   Supreme Court as if it were before it on appeal. The holding
   must be confined to the issue; and whether or not the opinion
   of the respondent judges is in conflict with decisions of other
   courts of appeals, or some pertinent matters were not discussed,
   is outside the issue.

2. ———: ———: Founded on Different Statutes. A decision
   of the Court of Appeals founded on certain ordinances cannot
   be *held* to be in conflict with prior decisions of the Supreme
   Court founded on different statutes or ordinances.

3. ———: ———: ———: Contract for Sewer: Previous to
   Detailed Plans and Materials. Sec. 5848, R. S. 1909, does not
   require a city of the third class to define by ordinance the

dimensions of a district sewer and the materials out of which it is to be constructed prior to the enactment of an ordinance accepting a bid for the construction of the sewer, and hence a decision of a Court of Appeals founded on that statute and so holding, is not in conflict with a prior decision of the Supreme Court founded on an ordinance of Kansas City requiring detailed plans and specifications to be made and filed for the information of all persons desiring to bid on the work, and holding that such plans and specifications must be filed before the contract is entered into.

4. ———: ———: **Erroneous Ruling.** A judgment of a Court of Appeals cannot be quashed by the Supreme Court upon *certiorari* upon the sole ground that it is erroneous and places a wrong construction upon a statute. The jurisdiction to quash must be based upon the failure of the Court of Appeals to follow the last controlling decision of the Supreme Court upon the particular issue decided by the Court of Appeals.

## *Certiorari.*

WRIT QUASHED.

*McLain Jones pro se; I. V. McPherson* and *Wright Bros.* also for relator.

The Springfield Court of Appeals in its opinion admits "that the dimensions and material of the sewer must have been prescribed by an ordinance," but contends that the contractor's bid and acceptance of the same by ordinance meets the requirements. There is nothing in the record to show that the requirements of the statute (Sec. 9241, R. S. 1909), "that said sewers shall be of such dimensions and materials as may be prescribed by ordinance;" there is nothing to show that the charter requirements of the city of Springfield were ever complied with, "that said sewers shall be of such dimensions and materials as may be prescribed by ordinance." But the record shows that there was no ordinance ever passed by the city of Springfield prescribing the dimensions and materials of the sewer in controversy. If the respondent's contention and the ruling of the Springfield Court of Appeals be correct

it abolishes all advertising for lowest and best bidders, and competitive bidding, for there is no ordinance antedating the proceedings, stating that the proposed improvement shall be of a certain kind of pipe, of certain sizes, the number of entrances and all other details from which an estimate could be made that would enable bidders to compete and know what was demanded and required of them. Neither the courts of this State nor of any other State have ever gone to this extent. Waddell Inv. Co. v. Hall, 255 Mo. 675; State ex rel. v. Broaddus, 238 Mo. 189.

*Barbour & McDavid* for respondents.

The decision of the Springfield Court of Appeals is not in conflict with any of the cases cited by the relator. He lays much stress on the recent case of Waddell v. Hall, 255 Mo. 675. In that case, as in a number of others cited by him, the validity of tax bills issued under the charter of Kansas City was involved. Under its charter, section 2, article 8, that city is required to construct all sewers by contract let to the lowest bidder. No such requirement is made for the construction of sewers in the charter of Springfield.

BROWN, J.—*Certiorari* to quash an opinion filed and judgment entered by respondents as judges of the Springfield Court of Appeals, affirming a judgment of the circuit court of Greene county in the case of City of Springfield to the use of E. Plummer, Respondent, v. McLain Jones, Appellant. This last-named action will hereafter be designated as the Jones case.

This Jones case was instituted to enforce the lien of tax bills issued to pay the cost of constructing a district sewer in Springfield, a city of the third class.

It is contended by relator that, in the opinion complained of, respondents have held and decreed that it was not necessary for the common council of the city

of Springfield to define by ordinance the dimensions of a district sewer and the materials of which it should be constructed prior to the enactment by said council of an ordinance accepting a bid for the construction of such sewer, and that in announcing such holding respondents have ignored three controlling decisions of this court, which will be hereafter noted. That in thus failing to follow the last previous ruling of the Supreme Court respondents have violated section 6 of the Amendment to article 6 of our Constitution adopted in 1884.

## OPINION.

I.   Before making a further statement of the facts in this case or announcing our conclusions on said facts, we deem it worth while to say that both relator and

Certiorari.

respondents have presented the case in a somewhat confusing manner. Relator has invited us to try the cause as though it were here on appeal, emphasizing some issues which were not even discussed by respondents in their opinion filed and by trying to demonstrate that the opinion complained of is not in harmony with other decisions of the several courts of appeals; while respondents have also asked us to review evidence not set out in the opinion.

Practically all these things are outside of the issues of this case. Under our former rulings in this class of cases we will not review a case by *certiorari* in the same manner as though it were before us on appeal.

For the purposes of this action of *certiorari* we are not concerned as to whether the respondents considered all the issues submitted to them in the Jones case, nor whether they overruled or refused to follow some decision of the several courts of appeals.

In the very recent case of State ex rel. United Railways Co. v. Reynolds et al., 257 Mo. 19, we said:

"We will consider only the pleadings, evidence and facts as recited by the Court of Appeals whose judgment is sought to be quashed. It may be argued that should the judges of the Courts of Appeals fail to state the pleadings and facts correctly (a point upon which I personally have no fears), it might result in some individual case being decided incorrectly, and not in harmony with our previous rulings; but that would not militate against the primary object sought by section 6, article 6, supra, i. e., the uniformity of judicial construction on issues of law and equity in this State."

**Court of Appeals: Conflicting Decision.**

The construction of the sewer, out of which this litigation arose, occurred in 1901 and 1902, and in passing upon the legality of the tax bills upon which the judgment of the circuit court is based respondents were called upon to construe section 5848, Revised Statutes 1899 (in force at the time the contract for the sewer was let), which section, in so far as it pertains to the issues in the Jones case, reads as follows: "The council shall cause sewers to be constructed in each district whenever a majority of the property holders, residents therein, shall petition therefor, or whenever the council shall deem such sewers necessary for sanitary or other purposes, and said sewers shall be of such dimensions and materials as may be prescribed by ordinance, and may be changed, enlarged or extended, and shall have all the necessary laterals, inlets, catch-basins, manholes and other appurtenances."

In their opinion construing this last-named section, respondents announced the following rule:

"The respondent concedes that the dimensions and the materials for the sewer must have been prescribed by an ordinance, but contends that the ordinance accepting the bid in this case meets the requirements of the statute. We shall uphold the contention of the respondent upon this point."

This ruling relator contends is in conflict with the opinion of the Supreme Court in the case of Waddell Investment Co. v. Hall, 255 Mo. 675, which, to save space, will hereafter in this opinion be designated as the Waddell case.

In the Waddell case this court was construing the charter and certain ordinances of Kansas City, Missouri, one of which ordinances contained the following provision: "Before advertising for bids for doing any of the work mentioned in the first section of this chapter, the city engineer shall make out detailed plans and specifications for the work to be done, and keep the same on file in his office for information of all desiring to bid on the work."

No such provision as the one last quoted is found in section 5848, Revised Statutes 1899, and there is nothing in that section directly requiring the contract for sewer work to be advertised and let to the lowest bidder. It will be noted that the Waddell case construed an ordinance which required "detailed plans and specifications" to be made and filed "for information of all desiring to bid on the work," while the section construed by respondents merely recites that the "said sewers shall be of such dimensions and materials as may be prescribed by ordinance," without designating *when* that ordinance shall be enacted. So we find that the Waddell case construed laws so entirely dissimilar to the one which respondents were called upon to interpret that what we said in the Waddell case did not become a controlling decision for the guidance of respondents in the Jones case.

Another decision of this court which relator claims the respondents failed to follow is Kiley v. Oppenheimer, 55 Mo. 374, wherein it was held that the letting of a contract for improving a street without giving thirty days' notice of such letting, as required by an ordinance of the city of St. Joseph, Missouri, rendered tax bills issued for such street improvement void.

There is no such issue in this case. In the Oppenheimer case some highly technical rules were announced for ascertaining the validity or invalidity of tax bills for street improvements, but those rules are, in a large measure, superseded by the more rational doctrines announced by this court in the case of Gist v. Construction Co., 224 Mo. l. c. 379.

The remaining decision of this court which it is contended respondents ignored in the opinion and judgment complained of is Jaicks v. Sullivan, 128 Mo. 177. That case was decided upon the proposition that the action was not instituted until after the lien of the tax bills in controversy in that action had expired by limitation, consequently it has no application here.

Respondents' opinion does not recite that there were no plans on file with the city clerk or engineer showing the dimensions and materials for the sewer; on the contrary, there is evidence recited in the opinion from which it might be inferred that the city council of Springfield had adopted specifications for all its district sewers several years prior to 1901, which specifications were accessible to all bidders, and that the contract for the particular sewer out of which this litigation arose was advertised and let to the lowest bidder in conformity with good business principles. With such facts before them if respondents had reversed the judgment of the circuit court they would have been placing form above substance.

It is neither appropriate nor necessary for us to decide whether respondents in their opinion complained of have placed a correct construction upon section 5848, Revised Statutes 1899, and we do not decide that point. A judgment of a Court of Appeals cannot be quashed by this court by *certiorari* because it is merely erroneous or places a wrong construction upon a statute or other law. [In re Breck, 252 Mo. l. c. 327.] Our jurisdiction to quash such an opinion or the judgment thereby directed must arise from the failure of such

Court of Appeals to follow the last controlling decision of this court on the particualr issue decided by such Court of Appeals.

From what has been said it is apparent that respondents have not in the opinion complained of offended against the decisions of this court as asserted by relator in its petition for the writ of *certiorari;* therefore our preliminary writ heretofore issued herein will be quashed.

All concur; *Bond, J.,* in result.