THE STATE ex rel. CHARLES R. BURTON v. WIL-
LIAM H. ALLEN et al., Judges of St. Louis Court
of Appeals.

Division Two, December 22, 1925.

1. **FIRE INSURANCE:** Avoidance: False Representation of Value of
Goods. A statement of value of the goods insured against fire,
even if false, where the parties occupy equal footing, is a mere
expression of opinion, on which a charge of fraud cannot be
grounded. A defense that the insured falsely and fraudulently
represented the value of the goods insured is not available where
the company's local agent had an opportunity to inspect the prop-
erty, agreed to its valuation, wrote the policy and received a
premium based upon such valuation; and the Court of Appeals in
approving an instruction telling the jury that if the insured,
"with intent to defraud defendant, falsely and fraudulently misrep-
resented the value of such stock" and thereby "procured the policy
of insurance to be issued," their verdict must be for defendant, lost
sight of Section 6239, Revised Statutes 1919, declaring that "the de-
fendant shall not be permitted to deny that the property insured
was worth at the time of issuing the policy the full amount insured
therein," and contravened Daggs v. Ins. Co., 136 Mo. 382; Nally v.
Home Ins. Co., 250 Mo. 452, and other decisions of this court
construing said statute.

2. ———: ———: Misrepresentation of Value Destroyed. The measure
of damages in case of a total loss of personal property by fire is the
value fixed by the policy, less depreciation, if any, since the date
of the policy; and while the company is not permitted to deny that
the property insured was worth the amount for which it was in-
sured at the time of issuing the policy, the burden is upon the in-
sured to show the value of the property at the time it was de-
stroyed, or that there had been no depreciation, but false represen-
tations of its value after its total destruction does not avoid the
policy; and the Court of Appeals in approving an instruction tell-
ing the jury that if the insured "after the fire, with intent to de-
fraud defendant, falsely and fraudulently, in his proofs of loss, mis-
represented the value of the property destroyed, you will find the
issues for the defendant," contravened the decision of this court in
State ex rel. Insurance Co. v. Cox, 307 Mo. 194.

3. ———: ———: Separate Valuations: False Ownership. Where the
insurance policy covers (a) horses and mules, (b) vehicles and (c)
harness and feed, and each is separately valued in the policy, the

whole cannot be avoided on the ground that the insured falsely represented that he was the absolute owner of the horses and mules; and the Court of Appeals, in approving an instruction telling the jury that if the insured "falsely and fraudulently represented that he was the owner of the stock described," their verdict must be for defendant, contravened Koontz v. Hannibal Savings & Ins. Co., 42 Mo. 126; Trabue v. Dwelling House Ins. Co., 121 Mo. 75; State ex rel. v. Ellison, 266 Mo. 580, and other decisions of this court.

4. **CERTIORARI: Questions Not Considered by Court of Appeals: Instruction: Shifting Insurance Policy.** If the Court of Appeals in its opinion did not consider an instruction, telling the jury that the issue of incendiarism should be determined on the probabilities rather than on the greater weight of the evidence, the correctness of the instruction cannot be considered by this court on *certiorari*. And likewise a contention by relator that the fire insurance policy sued on is an open and shifting policy and that therefore representations by him as to the number of horses and mules in the stable at the time the policy was issued are immaterial, cannot be considered on *certiorari*, if the Court of Appeals neither discussed nor considered said proposition in its opinion.

Certiorari, 11 C. J., Section 343, p. 193, n. 52. Courts, 15 C. J., Section 518, p. 1092, n. 63. Fire Insurance, 26 C. J., Section 235, p. 192, n. 78; Section 368, p. 296, n. 90; p. 298, n. 94; Section 450, p. 351, n. 84, 85; Section 452, p. 354, n. 9, 10. Fraud, 26 C. J., Section 20, p. 1080, n. 26; Section 21, p. 1083, n. 12; Section 22, p. 1085, n. 20; Section 69, p. 1155, n. 18.

## *Certiorari.*

OPINION OF COURT OF APPEALS QUASHED (*in part*).

*Abbott, Fauntleroy, Cullen & Edwards* for relator.

(1) Instruction 4, approved by the Court of Appeals, declares that any fraudulent misrepresentation as to the value of the property destroyed, made in the proofs of loss with intent to defraud, voids a fire insurance policy regardless of whether the misrepresentation relates to a material matter or not, and the opinion is in conflict with many cases decided by this court, such as Marion v. Ins. Co., 35 Mo. 148; State ex rel. v. Farrington, 272 Mo. 162; Schuller v. Ins. Co., 62 Mo. 236. (2) Instruction 4, approved by the Court of Appeals, declares that any misrepresentation as to matters of opinion, such as the value of the property destroyed, made in

the proofs of loss with intent to defraud, voids a fire insurance policy regardless of whether the misrepresentation was knowingly made or was the result of an honest opinion held by the plaintiff, and the opinion is in conflict with many cases decided by this court, such as Thomas v. Goodrum, 231 S. W. 577; McCow v. O'Malley, 298 Mo. 415; Anderson v. McPike, 86 Mo. 293; Roy Co. Bank v. Hutton, 224 Mo. 42. (3) Instruction 4, approved by the Court of Appeals, declares that any fraudulent misrepresentation as to the value of the property destroyed, made in the proofs of loss with intent to defraud, voids a fire insurance policy regardless of whether the misrepresentation relates to value in excess of the amount of insurance or not, and the opinion is in conflict with the principles so frequently announced by this court that fraud without damage or injury is not remedial. Marion v. Ins. Co., 35 Mo. 148; State ex rel. v. Farrington, 272 Mo. 162; Schuller v. Ins. Co., 62 Mo. 236. (4) Instruction 4, approved by the Court of Appeals, declares that any misrepresentation as to the value of the property destroyed, made in the proofs of loss with intent to defraud, voids a fire insurance policy notwithstanding there was no evidence of depreciation after the insurance was written, and our valued policy statute declares that the company shall not deny that the value of the property at the time of insuring was less than the insurance and authorizes the insured to claim and collect for the value insured, and the opinion is in conflict with cases decided by this court. Nally v. Home Ins. Co., 250 Mo. 452; Miller v. Ins. Co., 229 S. W. 264. (5) By said instruction the jury were instructed to find for defendant if they believed the plaintiff made a false statement about the number of horses he owned, or about their value, regardless of whether the defendant relied upon said statements and by such reliance was induced to write the policy, and the opinion is erroneous and in conflict with many cases decided by this court and referred to in the argument following. Wann v. Scullin, 210 Mo. 487, 234 Mo. 645. (6) Instruction 4 denies

plaintiff a right to recover the $300 on vehicles and the $100 on feed, harnesses, etc., if he misrepresented the number or value of the horses, and the opinion of the court is erroneous in sustaining said instruction, because: (a) The insurance in this case is separately itemized and separately valued in the policy, the first item, $2,700, covering horses; the second item, aggregating $400, covering vehicles, feed, etc.; and the law is well settled that misrepresentation as to one separate and separable item does not affect the subject-matter of the second separate item, and the opinion is in conflict with cases cited in the argument following, and especially in conflict with Koontz v. Hannibal Ins. Co., 42 Mo. 126; Trabue v. Ins Co., 121 Mo. 75; State ex rel. v. Ellison, 266 Mo. 295. (7) The instruction authorizing the jury to find for defendant on its affirmative defense of arson allowed that defense if one of two theories was more probable than another and did not require that the jury find the defense to be established by the greater weight of the evidence, and is in conflict with Farmers Elevator Co. v. Hines, 243 S. W. 143; Missouri Egg Co. v. Ry. Co., 257 S. W. 481.

*Leahy, Saunders & Walther* for respondents.

(1) The Court of Appeals did not err in approving Instruction 4, paragraph 4 of which authorized a verdict for defendant if the jury "believe from the evidence that, after such fire, the plaintiff, with intent to defraud defendant, falsely and fraudulently, in his proofs of loss, misrepresented the value of the property destroyed." (a) Because the court's ruling does not conflict with the ruling of the Supreme Court. (b) Because the instruction, when read with defendant's Instructions 2 and 3, fairly presented the issues and required a finding by the jury of all the elements necessary under such a defense. Instructions must be read together and construed as a whole, and the giving of an incomplete instruction is not reversible error if its deficiencies are supplied by

another.  State ex .rel. Dowell v. Allen, 250 S. W. 580;
Hughes v. Railroad; 127 Mo. 452; Tawney v. United
Rys., 262 Mo. 69; Cornovski v. Transit Co., 207 Mo. 263;
State ex rel. Ambrose v. Trimble, 263 S. W. 840; State
ex rel. Jenkins v. Trimble, 291 Mo. 234; McIntyre v.
Railroad, 286 Mo. 234; State ex rel. North British Ins.
Co. v. Cox, 307 Mo. 194.  (2)  Instruction 4 does not de-
clare that any misrepresentation as to the value of the
property destroyed, made, in the proof of loss, will avoid
the policy, regardless of whether the misrepresentation
was knowingly made or the result of an honest difference
of opinion, for the reason the instruction expressly re-
quires the jury to find that the plaintiff, with intent to
defraud defendant, falsely and fraudulently misrepre-
sented the value of the property destroyed.  Plaintiff's
Instruction 3 and defendant's Instruction 3 tell the jury
that false statements in the proof of loss will not avoid
the policy unless knowingly and willfully made, etc.  This
instruction cures any defect, if any, in Instruction 4 on
this point.  Authorities supra.  (3)  Contentions not pre-
sented to or decided by the Court of Appeals cannot be
made the basis of a ruling quashing its record on *cer-
tiorari*.  State ex rel. St. Joseph v. Ellison, 223 S. W.
671; State ex rel. Quercus Lbr. Co. v. Robertson, 197
S. W. 79; State ex rel. Shaw Transfer Co. v. Trimble,
250 S. W. 384; State ex rel. U. Rys. Co. v. Allen, 240
S. W. 117.  (4)  The Valued Policy Statute, Sec. 6239,
R. S. 1919, does not authorize the insured to claim and
collect for the face of the policy.  The only effect of said
statute is to conclusively establish the value of the in-
sured property at the date of the issuance of the policy,
save in cases of fraud, and the burden of proving the
value at the date of the fire is upon plaintiff, and in no
event can a plaintiff recover more than the actual value
of the insured property at the time of its destruction.  It
does not preclude the defense of fraud in the inducement
of the contract, nor preclude a defense of false swearing
in the proof of loss.  Daggs v. Orient Ins. Co., 136 Mo.

382, affirmed 172 U. S. 557; State ex rel. North British Ins. Co. v. Cox, 307 Mo. 194. (5) The points raised by relator that this was a shifting policy which did not require assured to have all the property on hand at the time the policy was written, was not passed upon by the Court of Appeals. Hence, it is not a proper subject of inquiry here. Authorities under point 3, supra. (6) The point raised by relator that misrepresentations as to one item will not avoid the policy as to all, was not discussed in the opinion of the Court of Appeals. Points not decided by the Court of Appeals cannot be made the basis of a ruling quashing the record in *certiorari*. Cases cited under point 3, supra.

HIGBEE, C.—*Certiorari* to review the opinion of the St. Louis Court of Appeals in Burton v. Newark Fire Insurance Company, 263 S. W. 539, affirming the judgment of the circuit court for the defendant in an action upon a policy insuring horses, mules, vehicles, harness, etc., in a certain stable in the city of St. Louis, against loss by fire.

The opinion states that the answer admitted the issuance of the policy, payment of the premiums, and that the fire occurred as alleged, and denied all other allegations; averred that plaintiff falsely and fraudulently represented that he was the owner of the stock, and that he falsely and fraudulently represented the value thereof, and that he procured the stable to be burned, and falsely and fraudulently misrepresented the value of the property in his proof of loss. The reply admitted that the policy provided that if the insured concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance, or if the interest of the insured in the property be not truly stated therein, or in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after loss, the policy should be void, and denied all other allegations.

The opinion recites the evidence taken at the trial. Charles W. Moore testified for the defendant: "that he wrote insurance to the amount of $3,100 on the Burton property; that at the time, Burton told him he had about twenty-eight head of horses, and a quantity of feed and some wagons and harness. He said that Burton stated the aggregate value of the horses amounted to considerable more than the insurance that he wished to obtain. On cross-examination he stated that the policy provided that in the event of loss, no one animal was to be valued at more than $100; that the policy covered a period of one year and was to cover whatever horses he may have had during that time, at a value of $100 apiece; that he did not know anything about a clause in the policy limiting the value of each horse to $100."

The learned opinion proceeds:

"The alleged errors urged by plaintiff in this court, as grounds for reversal, are directed at Instruction 4, given for the defendant, which instruction is as follows:

1.   " 'If you find and believe from the evidence that the plaintiff falsely and fraudulently represented that he was the owner of the stock described, situate at the place described in the petition;

2.   " 'Or if you believe from the evidence that the plaintiff, with intent to defraud defendant, falsely and fraudulently misrepresented the value of such stock, and by either of such representations procured the policy of insurance to be issued;

3.   " 'Or if you believe from the evidence that the plaintiff, with intent to defraud the defendant, caused or procured the building in the petition described to be burned;

4.   " 'Or if you believe from the evidence that after such fire the plaintiff, with intent to defraud defendant, falsely and fraudulently, in his proofs of loss, misrepresented the value of the property destroyed, then, and in either of such events, you will find the issues for the defendant.

" 'It is not necessary to a recovery by defendant that you find and believe all such facts to be true, but your verdict must be for the defendant, if from all the evidence in the case you believe either of such facts to be true.

" 'Nor is it necessary that such facts, or either of them, be proven by direct and positive testimony. It is sufficient if you can reasonably ~infer the existence of either of such facts from all the facts and circumstances in evidence in the case.' "

(For convenience we have numbered the paragraphs of this instruction).

It is contended by the relator that the opinion in approving this instruction is in conflict with controlling decisions of this court.

I. It is undoubtedly the rule of decision that a statement or misrepresentation of value, even if false, where the parties occupy an equal footing, is the mere expression of an opinion on which a charge of fraud cannot be predicated. "A mere opinion, however false, is not a false pretense." [State v. Zingher, 302 Mo. 653, 259 S. W. 451, and cases cited.] On page 655, quoting from Judge LAMM's opinion in Stonemets v. Head, 248 Mo. 263, 154 S. W. 108: "Now, there is a general doctrine of the law that ordinarily statement of opinion is not a statement of fact; and, since a false representation to be actionable must be that of a fact, a mere opinion (as for instance, an estimate of *value*) cannot ordinarily form the basis of a false representation." And at bottom of page 266 there is quoted from 20 Cyc. 58, that " 'it is generally held that where the property involved is situated at a distant place and thus an inspection cannot be made without expense and inconvenience, and the prospective purchaser is ignorant of the facts, he may rely on the vendor's positive statements regarding the property and may hold him liable if they are false and

*False Statement of Value.*

fraudulent, even though they are representations of the value, quality and condition of the property.' "

In State ex rel. North British & Mercantile Ins. Co. v. Cox, 307 Mo. 194, 270 S. W. 113, an action on a policy of fire insurance, Judge WHITE, speaking for Court in Banc, said: "There was an attempted appraisal of the damage to the property. Two of the appraisers fixed the damage at $9,547.08, and the other one fixed it at $28,904.72. . . . It merely shows the wide difference of opinion that may occur between parties who are interested in a loss of that kind, and between witnesses who examine it with a view to determine the amount of the loss."

It appears from the opinion that Mr. Moore, the local agent of the Newark Fire Insurance Company, wrote the policy of insurance on Burton's horses, vehicles, etc., located and being in a certain stable in the city of St. Louis. He had an opportunity to inspect the property before insuring it. The valuation was agreed upon and the insurance company received the premium based on this valuation.

Section 6239, Revised Statutes 1919, reads, in part: "*Provided further* that in all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured was worth at the time of the issuing of the policy the full amount insured therein on said property covering both real and personal property."

In Daggs v. Ins. Co., 136 Mo. l. c. 394, 38 S. W. 85, Judge GANTT said:

"The manifest policy of the statute is to prevent, rather than encourage, overinsurance, and to guard, as far as possible, against carelessness, and every inducement to destroy property in order to procure the insurance upon it. It was also designed to prevent insurance companies from taking reckless risks in order to obtain large premiums by advising them in advance that they

would be held to the value agreed upon when the insurance was written.

"No company is bound to insure any piece of property without first making a survey and examination of the premises, and it is not compelled to insure the full value then. But having the opportunity to inspect fully before insuring, and then fixing the amount of the risk, and receiving the premium based upon such valuation, it ought to be forever estopped, in case of a total loss, from denying the valuation agreed upon; and such was the law long before this statute was enacted. [Wood, Fire Ins., sec. 43, and cases cited; Cushman v. Insurance Co., 34 Me. 487.]

"The policy of the law seems to us wise and wholesome, but, if it were not, it is the province of the Legislature to repeal it, and not ours to usarp legislative authority. More care in the selection of agents and more care in the inspection of the insured property will dispense with many of the objections urged against the policy of this statute.

"Long prior to the enactment of this statute 'valued policies' were in use as the result of contracts. By a 'valued policy' a valuation was fixed in advance by way of liquidated damages to avoid making a valuation after the loss had occurred. Such agreements have been uniformly upheld against the claim that they were wagering contracts (Insurance Co. v. Weiss, 106 Pa. St. 20; May, Ins., sec. 30, in note 1, and cases cited); the construction put upon a 'valued policy' being that the sum agreed upon was *conclusive*, both at law and in equity, *save in cases of fraud.*"

In Nalley v. Home Insurance Co., 250 Mo. l. c. 470, 157 S. W. 769, Judge GRAVES said: "The third matter mentioned, supra, is the 'valued policy' feature. For this the laws of Missouri have been condemned in insurance circles, and to my mind unjustly condemned. The most fruitful source of incendiarism is excessive insurance. Such incendiary fires often hurt the innocent

and honest citizens. Anxious insurance agents, with an eye single to the commission coming into their pockets, encouraged large policies, and the innocent public were made to suffer. Insurance companies did not suffer so much because they got premiums on enhanced valuations, and these in a way removed a desire to restrict their agents. Not only so, if losses occurred, whether legitimate or illegitimate, they only had to pay the actual value of the honest losses, and a chance to defeat all the dishonest losses. The fault of a 'valued policy' law lies with the agents of the companies, and not in the law. With honest, careful, painstaking agents (representatives of the companies) dishonest losses can be made a thing of the past in Missouri.''

On the facts disclosed, fraud cannot be predicated on the statement of value made by the assured. The ruling of the learned Court of Appeals in approving the second paragraph of this instruction loses sight of this statute and is in conflict with the decisions of this court.

II. In State ex rel. v. Cox, supra, 115, Judge WHITE said: ''In an action on a policy on personal property, while defendant is not permitted to deny that the property insured was worth the amount for which it was insured at the time of issuing the policy, the burden is upon the plaintiff to show the value of the property at the time it was destroyed.'' Citing Strawbridge v. Fire Ins. Co., 193 Mo. App. l. c. 690, 187 S. W. 79; Smith v. Ins. Co., 195 Mo. App. l. c. 385, 191 S. W. 1034, where the rule is declared that ''the burden of proof is on the insured to show there was no depreciation of such personal property between the time of the issuance of the policy and the fire.'' Hence it is clear that the learned opinion, in approving the fourth paragraph of this instruction, is also in conflict with the decisions of this court. The measure of damages in case of a total loss of personal property by fire, covered by a policy of fire

insurance, is the value fixed by the policy, less deprecia-
tion, if any, since the date of the policy.

III.   In the instant case the policy covers horses,
mules, vehicles, harness, etc., which are separately valued:
$2700 on horses and mules, no one animal to be valued
at more than $100; $300 on vehicles and $100 on harness,
feed, etc.   According to paragraph 1 of Instruction 4,
given for the defendant, if the plaintiff falsely and fraud-
ulently represented that he was the owner of the horses
and mules described, such misrepresentation avoided the
insurance on the vehicles, harness, etc.   It is contended
by the relator that as the horses, vehicles, harness, etc.,
were separately valued in the policy, it is severable, and
that paragraph 1 of Instruction 4, declaring that a false
and fraudulent representation that plaintiff. was the
owner of the stock described avoids the policy as to other
articles insured, is in conflict with the decisions of this
court.

In Koontz v. Hannibal Savings & Ins. Co., 42 Mo.
l. c. 129, Judge WAGNER said:  "In Loehner v. Home Mu-
tual Ins. Co., 17 Mo. 247, it was held that although a
failure to disclose an encumbrance would avoid a policy
on a house insured, yet it would not avoid it as to furni-
ture insured in the same policy, but separately appraised,
unless the fact concealed was shown to be material to the
risk.   Where a firm obtained insurance upon a store-
house and a stock of goods therein for a separate sum,
and the interest of the insured in the house was incor-
rectly described, by reason of which the policy was void
as to the house—in a suit brought to recover for the loss
of the goods, it was decided that, in the absence of proof
that the plaintiff procured the insurance upon the house
for a fraudulent purpose, or that their supposed inter-
est in the house induced the defendant to insure the
goods, the policy was not vitiated as to the insurance on
the goods.   [Phoenix Ins. Co. v. Lawrence, 4 Met. (Ky.)
9.]"

These rulings were affirmed in Trabue v. Dwelling House Ins. Co., 121 Mo. 82, and in State ex rel. v. Ellison, 266 Mo. 593, 182 S. W. 740. This ruling of the Court of Appeals, approving paragraph 1 of Instruction 4, is in conflict with our decisions.

IV. Relator complains of Instruction 1, given for the defendant, which reads in part: "The question in this case is merely a question of greater or less probability, and the jury in order to find a verdict for the defendant need not be satisfied of the complicity of the plaintiff in the burning in any other way, or with any different degree of satisfaction, than in the case of any other question of a civil action."

The contention is that the trial court erred in instructing the jury that the issue on the defense of incendiarism should be determined on the probabilities rather than on the greater weight of the evidence, and that the opinion of the Court of Appeals in affirming the judgment is in conflict with the controlling decisions of this court; citing Farmers' Elevator & Grain Co. v. Hines, 243 S. W. 140 (4) and Mo. Egg & Poultry Co. v. Railroad, 257 S. W. 477. This instruction is not considered or even referred to in the opinion of the Court of Appeals. Hence in reviewing this record the question of the correctness of this instruction is not before us.

V. Relator claims that the policy of insurance, so far as it covered horses and mules, is an open or shifting policy, and that representations as to the number of horses and mules that were in the stable at the time he applied for the policy were immaterial. This question is not discussed nor ruled upon in the opinion of the Court of Appeals and is, therefore, not before us for consideration in this proceeding.

The opinion of the Court of Appeals, so far as it is in conflict with the decisions of this court, as stated in

paragraphs 1, 2 and 3 of this opinion, is quashed. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.