THE STATE EX REL. M. B. TONNAR v. EWING C. BLAND ET AL., Judges of Kansas City Court of Appeals.—25 S. W. (2d) 462.

Division One, March 5, 1930.

*Franken & Timmons* for relators.

988

*Charles L. Graham* for respondents.

ATWOOD, P. J.—This is a proceeding by certiorari to quash the opinion of the Kansas City Court of Appeals in the case of Town of Carrollton, Missouri, to the use of Hanchett Bond Company, assignee of C. F. Brindle, Respondent, v. M. B. Tonnar, Appellant. The opinion discloses that the action was to establish the lien of a tax bill against property of appellant Tonnar for the paving and curbing of West Heidel Avenue in the Town of Carrollton, Missouri. There was a judgment for plaintiff, who is respondent here, for the amount of the tax bill and interest in the total sum of $483.49, and from this judgment defendant appealed.

The suit was brought under the provisions of Section 8738, Revised Statutes 1919, relating to the enforcement of tax bills in cities operating under special charters, Carrollton being of that class. The answer admitted ownership of the property and set up several defenses, the one with which respondents' opinion is concerned being as follows:

". . . . Defendant states that there was no substantial performance of the terms and conditions of the contract for the paving, guttering and curbing of said West Heidel Avenue, and that by reason thereof the tax bill herein sued on is void and should be cancelled and for naught held; that the contractor, C. F. Brindle, failed to build the curb along the south side of West Heidel Avenue and between the east line of South Monroe Street and the west line of South Folger in said town to the height of six inches as required by said contract, and said contractor failed to build the surface of the pavement at the intersection of said West Heidel Avenue on said South Monroe Street according to grade thereof so as to cause water flowing to said intersection to flow to the south and east side of said intersection and to be cast upon the property of defendant causing him irreparable injury; that had said pavement been constructed according to grade the water flowing into said intersection from the west and north would have flowed along the west line of South Monroe Street and away from defendant's property, but that by reason of the fact that said grade was raised and the curb along defendant's property was constructed lower than the height required by said contract, the defendant has been damaged and by reason of the fact that said failure to carry out said contract are substantial breaches thereof, said tax bill against the property of defendant should be cancelled and for naught held."

The answer prayed for cancellation of the tax bill, and plaintiff's reply was a general denial.

In presenting the first alleged conflict counsel for relator quote from respondents' opinion as follows:

"Plaintiff urges defendant is estopped from suing to cancel the tax bill because he requested certain changes in the performance of the contract. This argument is based upon the fact that defendant asked and secured a change in the grade at South Folger Street at its junction with West Heidel Avenue, and secured a change in the curbing in two places in front of his east lot. It has been held that estoppel is an affirmative defense and must be specially pleaded. [Haley v. Sippley (Mo.), 297 S. W. 362; McLain v. Trust Co., 292 Mo. 114, 237 S. W. 506; Dairy Co. v. Bank, 315 Mo. 849, 288 S. W. 359.] The record discloses that estoppel was not pleaded and it is therefore out of the case."

Also:

"It has also been held that a property owner who has full knowledge of any technical defect in a procedure for street improvement and makes no objection until the work is completed, cannot go into equity and ask cancellation of a tax bill because of such technical defect. [Gratz v. Kirkwood, 182 Mo. App. 581, 166 S. W. 319.] The record shows defendant knew of these changes and saw them made without protest."

Counsel for relator say that the excerpt last above quoted is in conflict with the paragraph first above quoted, in that the opinion thus first holds that there is no estoppel in the case because it was not pleaded, and later holds that defendant was estopped to ask cancellation of the tax bill because he knew of the changes complained of and saw them made without protest. While confessing our inability to understand the relevancy of the two sentences last above quoted to their immediate context or to the conclusion reached by the opinion, we are not convinced that they mean just what relator contends they do. In the first place, the paragraph first above quoted apparently undertakes to declare the law of the case on the point covered, and that in harmony with our decisions. It is not reasonable to suppose that the writer of the opinion would also assert that the contrary doctrine was likewise applicable. The authority cited in support of what was said does not indicate any such intention. Furthermore, the doctrine there stated, and the subsequent observation that "the record shows defendant knew of these changes and saw them made without protest," are in nowise determinative of or necessary to the final holding that "defendant has failed to show there was not a substantial compliance with the contract." Even if the expressions here objected to were intended to relate to estoppel they would be *obiter dicta*, because the opinion

positively states that estoppel was not pleaded, and hence was not in the case. It is not the province of this court to reconcile alleged inconsistencies in the opinion itself brought here on certiorari where the matters complained of are not necessary to a decision of the issue there presented and joined. This point is ruled against relator.

It is next said that our decisions are contravened by the following part of respondents' opinion:

"The extent of the changes made in the contract here involved is not in dispute. The points relied upon by defendant to defeat the tax bill are (1) that the guttering at the northwest corner of defendant's property was constructed at a height of only three inches when the contract called for a six-inch gutter; (2) the pavement on the west side of South Monroe Street, beginning at a point twenty-four feet northwest of the corner of defendant's property was constructed 7½ inches higher than called for in the contract; and a deviation in the pavement in the center of the street, as detailed in the statement of facts above set forth. It is insisted that these changes were material and resulted in the damage to defendant's property of which he complains. However, in these changes we see no advantage accruing to the contractor, or that they work any fraud on the public, or injure the value or appearance of the work. In such situation it has been held that the changes would not justify a cancellation of the special tax bill. [St. Louis v. Ruecking, 232 Mo. 325, 134 S. W. 657; Meyers v. Wood, 173 Mo. App. 564, 158 S. W. 909.]"

As we read the foregoing respondents in effect say that such changes will not justify a cancellation of a special tax bill unless it appears that there was some advantage accruing to the contractor, or that they worked a fraud on the public, or injured the value or appearance of the *work*. This statement altogether ignores the effect, if any, of such changes upon abutting property. It is in conflict with our own decisions and misquotes the doctrine stated in the two opinions therein cited. To be in line with the authorities cited the word "property" or a synonym thereof, would have to appear in the place of the word "work" in the sentence next to the last in the paragraph above quoted. Because of the conflict so appearing respondents' opinion and the record pertaining thereto are quashed. All concur.