STATE OF MISSOURI at the relation of TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Relator, v. WILLIAM C. HUGHES, EDWARD J. McCULLEN and LYON ANDERSON, Judges of the St. Louis Court of Appeals, Respondents.—No. 38047.

STATE OF MISSOURI at the relation of TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Relator, v. WILLIAM C. HUGHES, EDWARD J. McCULLEN and LYON ANDERSON, Judges of the St. Louis Court of Appeals, Respondents.—No. 38048.—169 S. W. (2d) 328.

Division Two, January 4, 1943.

Rehearing Denied, March 25, 1943.

*Carleton S. Hadley* and *Arnot L. Sheppard* for relator.

*Hay & Flanagan* for respondents.

BOHLING, C.—Originating as actions for damages for failure of the Terminal Railroad Association of St. Louis (hereinafter designated Terminal) to issue service letters under Sec. 5064, R. S. 1939, these two certiorari proceedings are prosecuted by the Terminal. The issue is whether a conflict with previous rulings of this court arises from the ruling of the court of appeals that requests for service letters made by ushers or redcaps of the stationmaster at the St. Louis union station constituted a sufficient compliance with said section under the facts in evidence to impose civil liability upon the Terminal. Chrisman v. Terminal Rd. Ass'n (Mo. App.), 157 S. W. (2d) 230; Hopkins v. Terminal Rd. Ass'n (Mo. App.), 157 S. W. (2d) 236. The cases presented like facts and issues. The principal opinion was delivered in the Chrisman case. Sec. 5064 reads:

"Whenever any employee of any corporation doing business in his state shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the request of such employee (if such employee shall have been in the service of said corporation for a period of at least ninety days), to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; and if any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, and shall be punished by a fine in any sum not exceeding five hundred dollars, or by imprisonment in the county jail for a period not exceeding one year, or by both such fine and imprisonment."

Mr. Chrisman and Mr. Hopkins made their request for a letter upon the Terminal's stationmaster. They made no request upon any person designated superintendent or manager by the Terminal. The opinion of the court of appeals states that a Mr. Mathewson had been designated as general superintendent and a Mr. Davis had been designated as superintendent of the Terminal; that there was no evidence whatever as to the duties of said general superintendent or superintendent or whether they had any supervision or management over the ushers or redcaps; and that the stationmaster had " 'supervision over the redcaps; issued the orders, hired and fired them, and fixed the hours of work; if he didn't give the orders directly he did it through the chief usher.' " The court concluded that, in the circumstances of record, the stationmaster "came within the legislative meaning of superintendent or manager as to the ushers or redcaps." See 157 S. W. (2d) 1. c.s 234, 235.

We think our writ improvidently issued. A number of our decisions are to the effect that it is within the province of the courts of appeal to construe statutes and that in certiorari proceedings their records are not to be quashed if the language of the statute is open to construction and has never been construed by this court on a record involving identical facts or sufficiently similar facts to require the application of a principal of law previously announced by this court. This, even though we might be inclined to question the holding of the court of appeals; because the issue is one of conflict in rulings and not the correctness of the ruling under review. State ex rel. Wors v. Hostetter (Banc), 343 Mo. 945, 959, 124 S. W. (2d) 1072, 1078[6-9]; State ex rel. Clark v. Shain (Banc), 343 Mo. 66, 73[4], 119 S. W. (2d) 971, 974[6, 7]; State ex rel. Arndt v. Cox, 327 Mo. 790, 797, 38 S. W. (2d) 1079, 1082[4]; State ex rel. Heuring v. Allen, 342 Mo. 81, 88, 112 S. W. (2d) 843, 846.

Asserting the request must be made to the "superintendent or manager," the Terminal claims conflict with Cheek v. Prudential Ins. Co. (Mo.), 192 S. W. 387, 390, 391, stressing, while quoting paragraph II thereof, the sentence reading: "The superintendent mentioned in the statute is the officer of the company whose duty it is made to issue the letter for it to the employee." The issue here is: Of whom may or must the request for the letter be made? The instant facts are in no way analogous to and the instant issue is not mentioned, discussed or ruled in Cheek v. Prudential Ins. Co., supra. Hence there is no conflict of rulings.

A number of attacks against the ruling and observations or statements made in arriving at said ruling are bottomed upon the assertion the statute is criminal and penal in nature and is to be construed strictly against plaintiffs and liberally in favor of the Terminal. Certiorari proceedings involving conflicts in rulings are not concerned with dictum or nonconsequential inconsistencies, if

any, appearing arguendo in an opinion. They do not rise to the dignity of a ruling. See State ex rel. Tonnar v. Bland, 324 Mo. 987, 990, 25 S. W. (2d) 462, 463[1, 2]; State ex rel. Hayes v. Ellison (Mo. Banc), 191 S. W. 49, 55[13].

Section 5064 may be divided into two parts. The first part imposes a duty upon superintendents or managers of corporations to issue service letters. The second part of the statute renders a superintendent or manager guilty of a misdemeanor for failure to comply with its provisions. The Terminal stresses the penal portion of the statute. It has been said that where a statute is both remedial and penal, remedial in one part while penal in another, it should be considered as a remedial statute when it is sought to enforce the remedy and penal when it is sought to enforce the penalty. Murphy v. St. Louis-S. F. Rd. Co., 205 Mo. App. 682, 695, 226 S. W. 637, 642[6]; 59 C. J., p. 1121, Sec. 662. Cheek v. Prudential Ins. Co., supra, like the instant review, involved the first part of the statute; presenting the issue whether a count in Cheek's petition based upon a failure to comply with said statute stated a cause of action against the Prudential. The Prudential contended that the statute neither imposed a duty on the corporation nor gave a right of action against it but imposed the duty upon the superintendent or manager and upon his failure to issue the requested letter made him guilty of a misdemeanor. Although the statute does not in haec verba so declare, the court construed it to give an employee, wrongfully refused a letter, a right of action against his corporate master and to make it the duty of the corporation acting through its superintendent or manager to issue the letter and not the duty of the superintendent or manager in his individual capacity. The court stated the historical reasons for the enactment to be the prevention of injustice and oppression, which had become so great as to be a public evil, to large numbers of laboring people, and to regulate the issuance of letters concerning a former corporate employee's record and his reason for leaving the service to the end the employee be armed with a letter stating the true facts (192 S. W. l. c.s 389, 391) and to repair the injury if one be sustained (l. c. 393) The court also, among other things, observed that the enactment was for the protection of the public, the benefit of the employees, had been brought on by the corporations and not by their superintendents or managers, was within the police power of the State, was not discriminatory or class legislation, and imposed no unjust burden or expense on corporations (l. c. 392). ''Such legislation violates no constitutional provision, State or Federal, that I know of; but upon the other hand, is highly beneficial and commendable.'' (l. c. 393.) It follows that the Terminal's contentions bottomed upon a strict construction of the first part of the statute are out of harmony with and must yield in the instant proceeding to the rulings and accompanying reasons in Cheek v. Prudential Ins. Co.,

supra, the only case of this court construing the statute relied upon by the Terminal. The ruling and observations in respondents' opinion are to be read in the light of the facts developed by the record before respondents and the issues presented for determination.

■ The Terminal states it is inconceivable that the request for a letter may be made of one person and another be punished for failing to comply with it. Of course, the court of appeals did not so rule. The contention is based upon the penal portion of the statute. This was not before the court of appeals. The argument is the same in effect as part of the argument unsuccessfully interposed in Cheek v. Prudential Ins. Co., supra. The statute designates the "superintendent or manager" as the person to issue the letter. It contains no explicit provision as to the person upon whom the request is to be made that civil liability attach to the corporation. In view of the construction of the first part of the statute in Cheek v. Prudential Ins. Co., supra, and the rulings there made we are not in a position to hold that under the record in the cases under review said first part of the statute was not open to construction with respect of whom the request should be made.

■ ■ The Terminal makes another point, tating it was presented but was not discussed or even mentioned (i. e. was ignored) in respondents' opinion although respondents' affirmance of the judgment nisi constituted a ruling against the doctrine contended for. State ex rel. Boeving v. Cox (Div. II), 310 Mo. 367, 372(I, II), 276 S. W. 869, 870 (I, II), is cited to the question being open for inquiry here. We think several reasons may be advanced for disallowing the point, which relates to the allowance of punitive damages. The Missouri case cited to establish a conflict in rulings is McGinnis v. Chicago, R. I. & P. Ry. Co., 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880. That was an action for compensatory damages for personal injuries against a servant and his master—the master's liability resting on the doctrine of respondeat superior. We held a plaintiff's verdict against the master but also in favor of the servant, joined with the master as a party defendant, would not support a judgment against the master on account of the exoneration of the servant. No servant was joined as a party defendant with the Terminal in the instant case. We understand from a reading of State ex rel. Boeving v. Cox, supra, the court of appeal's opinion there involved disclosed that the point was within the issues presented for determination. We are not concerned with facts and issues omitted from but are concerned with the facts and issues stated in the opinion of the court of appeals in certiorari proceedings to determine a conflict of rulings. State ex rel. Govro v. Hostetter, 341 Mo. 262, 266[3], 119 S. W. (2d) 22, 24[3]; State ex rel. Jones v. Robertson (Banc), 262 Mo. 535, 538(I), 172 S. W. 21[1]; State ex rel. City of St. Joseph v. Ellison (Banc), 223 S. W. 671, 674[9, 10]; State ex rel. United Rys. Co. v. Allen

876

(Mo.), 240 S. W. 117, 121[5]; State ex rel. Major v. Allen, 310 Mo. 386, 396(V), 276 S. W. 1026, 1029[4]; State ex rel. Burton v. Allen, 312 Mo. ·111, 123(V), 278 S. W. 772, 775[7]; State ex rel. Silverforb v. Smith (Mo.), 43 S. W. (2d) 1054, 1058[7]. We refuse to refer to the briefs for alleged issues not determined or discussed. State ex rel. Mo. Mut. Ass'n v. Allen, 336 Mo. 352, 360[4], 362, 78 S. W. (2d) 862, 865[7, 9]; State ex rel. N. W. Nat. Ins. Co. v. Trimble, 323 Mo. 458, 469, 20 S. W. (2d) 46, 51[6]; State ex rel. Public Serv. Comm. v. Shain (Banc), 342 Mo. 867, 872[1], 119 S. W. (2d) 220, 222[2]; State ex rel. Breit v. Shain (Banc), 342 Mo. 1148, 1153[3], 119 S. W. (2d) 758, 761[3]; State ex rel. Shaw Transfer Co. v. Trimble (Mo), 250 S. W. 384, 387[6]. To refer to the briefs for alleged issues presented to the courts·of appeal and then proceed to determine such issues would smack of appellate jurisdiction. The instant proceeding is restricted to inquiries involving conflicts in rulings to preserve harmony. We think State ex rel. Boeving v. Cox, supra, does not extend as far as the Terminal would have us go; but it should no longer be followed if and insofar as language therein used may lend itself to a construction that the ruling is applicable to situations like the instant.

Finding no conflict, our writ of certiorari is quashed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.