Alexander W. LOVE, Plaintiff-Appellant,

v.

BEN HICKS CHEVROLET, INC.
(Fasenmyer Chevrolet, Inc.),
Defendant-Respondent.

No. WD 33477.

Missouri Court of Appeals,
Western District.

May 24, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Aug. 2, 1983.

Dennis E. Egan, James L. Moeller, Gage & Tucker, Kansas City, for plaintiff-appellant.

Hollis H. Hanover, Popham, Conway, Sweeny, Fremont & Bundschu, Kansas City, for defendant-respondent.

Before SOMERVILLE, C.J., and CLARK and KENNEDY, JJ.

SOMERVILLE, Chief Judge.

Alexander W. Love (Love) filed a multi-count petition against Fasenmyer Chevrolet, Inc. (Fasenmyer Inc.)[1], in Count I of which he sought actual and punitive damages under § 290.140, RSMo 1978, claiming a "service letter" dated June 6, 1979, issued by Fasenmyer Inc. at his request did not truly state the reasons for his discharge by Fasenmyer Inc.

A jury returned a verdict in favor of Fasenmyer Inc. and against Love on his claim under the "service letter" statute, and judgment was duly entered thereon. Love, following an unavailing motion for new trial, appealed[2], singularly asserting the giving of the following "affirmative converse" instruction at the request of Fasenmyer Inc. as error:

Your verdict must be for defendant if you believe that at the time defendant's letter was written, A.C. Fasenmyer believed that the causes stated in defendant's letter were the true causes of plaintiff's termination.

At the time in question, A.C. Fasenmyer was president and sole stockholder of Fasenmyer Inc. and signed the "service letter" on behalf of the corporation.

As a discussional starting point, facts hypothesized in an "affirmative converse" instruction must be sufficient in law to defeat the plaintiff's claim. MAI 33.01 p. 489 [1981 3d ed.] citing *Shepard v. Ford Motor Company,* 457 S.W.2d 255, 258 (Mo. App.1970).

The apical question on appeal is whether A.C. Fasenmyer's individual or personal belief that "the causes stated in defendant's letter were the true causes of plaintiff's termination" was sufficient in law to defeat Love's claim. The answer is no. As held in *Roberts v. Emerson Electric Manufacturing Co.,* 338 S.W.2d 62, 72 (Mo. 1960), "the corporation agent's beliefs, however honest and reasonable, are irrelevant on the question of the corporation's liability". Sequentially, it was held in *Potter v. Milbank Manufacturing Company,* 489 S.W.2d 197, 206 (Mo.1972) that the trial court did not err in refusing to give defendant corporation's requested "affirmative converse" instruction that the jury's verdict "must be for defendant ... if you believe that the defendant believed the reasons set forth in its letter ... were the true cause of plaintiff's discharge". The *Potter* court, in so holding, cited and reaffirmed the proposition laid down in *Roberts v. Emerson Electric Manufacturing Co.,* supra, that the beliefs of a corporate agent who prepares a service letter, however honest and reasonable, are "irrelevant on the issue of the corporation's liability."

---

1. The record on appeal, albeit anemic in the sense under discussion, vaguely indicates, at best, that Ben Hicks Chevrolet, Inc. purchased Fasenmyer Chevrolet, Inc. after the instant suit was filed. In any event, the status of the parties has never been questioned either below or on appeal. For purposes of clarity, defendant will be referred to throughout the court's opinion as Fasenmyer Inc.

2. Love's petition contained an additional count which was disposed of by a directed verdict in favor of Fasenmyer Inc. from which no appeal was taken. Additionally, Fasenmyer Inc. filed a counterclaim which the jury found in favor of Love and against Fasenmyer Inc. from which no appeal was taken.

■ Capsulated, the "affirmative converse" instruction given by the trial court at the behest of Fasenmyer Inc. injected a foreign issue which, as a matter of law, was insufficient to defeat Love's claim. *Roberts v. Emerson Electric Manufacturing Co.,* supra; and *Potter v. Milbank Manufacturing Company,* supra.

■ Fasenmyer Inc. strives to fend off the inexorable consequence of the controversial instruction by mustering a series of arguments, none of which withstands close legal scrutiny. First, it argues that A.C. Fasenmyer's status as sole stockholder of Fasenmyer Inc. was an antidote for any inherent error premised upon *Roberts v. Emerson Electric Manufacturing Co.,* supra, and *Potter v. Milbank Manufacturing Company,* supra. If correctly perceived, Fasenmyer Inc. seeks to have the corporate veil pierced for its own benefit, a highly unique and reverse twist to the extraordinary principle it ostensibly relies upon. Fasenmyer Inc. appears to contend that it and A.C. Fasenmyer individually were, de facto, one and the same, and, therefore, the controversial instruction was harmless. This contention is rejected, as its acceptance would be contrary to *Potter v. Milbank Manufacturing Company,* supra. No one takes issue that § 290.140, RSMo 1978, is applicable only to corporations, *State ex rel. Terminal R.R. Ass'n of St. Louis v. Hughes,* 350 Mo. 869, 169 S.W.2d 328, 330 (1943), and, perforce, only a corporation can be subject to a civil action for damages for breach of said statute, *Burens v. Wolfe Wear-U-Well Corp.,* 236 Mo.App. 892, 158 S.W.2d 175, 178 (1942). Serious issue, however, is taken with Fasenmyer Inc.'s argument that by reason of A.C. Fasenmyer's status as sole stockholder, its corporate entity should be disregarded. Although courts will look through corporate organizations to individuals when necessary to prevent injustice, doing so is the exception rather than the rule, and, ordinarily, a corporation will be regarded as a separate legal entity even though there be but a single stockholder. *In re Collins,* 75 F.2d 62, 64 (8th Cir.1934). Concomitantly, persons who choose to incorporate may not evade the consequences of doing so merely to suit their individual convenience. See, e.g., *Terry v. Reciprocal Exchange,* 268 S.W. 421 (Mo.App.1925). The gamut of legal consequences which would flow from permitting stockholders to draw and close the corporate veil at their own whim and caprice literally defies even the most fertile imagination. Accordingly, the first aspect of Fasenmyer Inc.'s argument is rejected.

■ Lastly, Fasenmyer Inc. perfunctorily contends that Love failed to make "prima facie proof" that the reasons stated in the service letter did not truly state the reasons for Love's discharge. Building upon this summarily established premise, Fasenmyer Inc. relies upon the latter portion of the following footnote (4.) found in *Newman v. Greater Kansas City Baptist, Etc.,* 604 S.W.2d 619, 622–23 (Mo.App.1980): "A contention of honest belief constitutes no defense to the employer to a § 290.140 action where there is evidence that the true reason for discharge was other than stated. *Roberts v. Emerson Electric Manufacturing Company,* supra, l.c. 68; *Potter v. Milbank Manufacturing Company,* supra, l.c. 206[9]. In the absence of such prima facie proof, to allow recovery to a plaintiff despite honest belief for the reason stated elevates the cause of action to a status of employment for which only just cause suffices for termination." Fasenmyer Inc.'s reliance thereon is misplaced for two very cogent reasons. First, a reading of the *Newman* case in its entirety discloses that the portion of the footnote relied upon by Fasenmyer Inc. merely acknowledges that the service letter statute (§ 290.140, RSMo 1978) was never intended to create a statutory cause of action for terminating without cause an employment at will. Second, and equally important, the record on appeal discloses evidence introduced by Love from which the jury could reasonably find that the reasons stated in the service letter did not truly state the reasons for his discharge. Hence, even if the portion of the footnote relied upon from *Newman* were subject to a different connotation, there was no absence of "prima facie proof" delineated as a condi-

tion precedent to its pertinency. The controversial instruction constituted a positive misdirection to the jury and was therefore prejudicial to Love. See *Oliver v. Bi-State Development Agency*, 494 S.W.2d 49, 52 (Mo.1973).

Judgment on Count I of Love's petition is reversed and cause therein remanded for a new trial.

All concur.